### STATE et al. v. MAPEL.
### No. 2878.

Court of Civil Appeals of Texas. El Paso.
May 11, 1933.

Rehearing Denied June 8, 1933.

James V. Allred, Atty. Gen., John B. Mc-Craw and Sidney Benbow, Asst. Attys. Gen., and Geo. S. Wright and Thompson, Knight, Baker & Harris, all of Dallas, and J. W. Morrow, of El Paso, for appellants.

Paul D. Thomas and Wm. Flournoy, both of El Paso, for appellee.

PELPHREY, Chief Justice.

This is an appeal from an order of the Sixty-Fifth district court appointing a receiver for the Globe & Rutgers Insurance Company.

The application for the appointment of such receiver was filed by appellee, as a creditor of the insurance company, on March 31, 1933.

On April 7, 1933, the Attorney General filed a petition of intervention on behalf of the state of Texas, the board of insurance commissioners of Texas, and the insurance commissioner of the state of New York.

It appears that the insurance company is a New York corporation authorized to transact business in Texas.

The interveners questioned the jurisdiction of the court to appoint a receiver of the insurance company, and pleaded in support of their contention that under the laws of this state no one had a right to bring any suit for the purpose of winding up the affairs or to enjoin, restrain, or interfere with the prosecution of the business of fire insurance by a company doing a fire insurance business in this state other than the board of insurance commissioners and the Attorney General.

The first contention advanced by appellants is that the court was without jurisdiction to appoint a receiver in this case because of the provisions of article 4691, Revised Statutes, and particularly subdivision 5 thereof.

The subdivision in question reads: "He shall also have power to institute suits and prosecutions, either by the Attorney General or such other attorneys as the Attorney General may designate, for any violation of the laws of this State relating to insurance. No action shall be brought or maintained by any person other than the Commissioner for closing up the affairs or to enjoin, restrain or interfere with the prosecution of the business of any such insurance company organized under the laws of this State."

At the time of the enactment of the above statute the state had a single insurance commissioner, but later an insurance commission was created which now exercises the powers originally conferred on the commissioner.

While the above-quoted subdivision expressly confers the sole power upon the commission in cases of insurance companies organized under the laws of Texas, appellants contend that such powers apply to all insurance companies, both foreign and domestic, by reason of the following provision of article 5068, Revised Statutes: "The provisions of this title are conditions upon which foreign insurance corporations shall be permitted to do business within this State, and any such foreign corporation engaged in issuing contracts or policies within this State shall be held to have assented thereto as a condition precedent to its right to engage in such business within this State."

We cannot agree with such contention. Article 4691 specially limiting the exclusive right of the commission to insurance companies organized in this state would, we think, control over a general provision such as is found in article 5068, even if we admit that the provision in the latter article would otherwise apply. However, we do not believe that article 5068 was intended to include the

provisions which were expressly made to apply only to domestic companies.

■ Appellants also contend that the Attorney General has the exclusive right to bring a suit for winding up the affairs of an insolvent corporation, by virtue of articles 1379 and 1380, Revised Statutes. These articles read:

"Art. 1379. It shall be unlawful for any insolvent corporation, domestic or foreign, to do business in this State, or to exercise or retain any franchise or permit or charter granted from or by this State.

"Art. 1380. The Attorney General, when convinced that any corporation is insolvent, shall institute quo warranto or other appropriate proceedings to forfeit its charter or cancel its permit."

It is further provided by article 1381 that the court trying such a cause, after the corporation has been shown to be insolvent, may, in its discretion, appoint a receiver for the corporation and all its properties, with full power to settle its affairs, collect its outstanding debts and divide the moneys and other properties of the corporation among its stockholders, after paying the debts due and owing by the corporation and all expenses. It cannot be disputed, of course, that the state would be the proper party to bring a suit to forfeit the charter of a domestic corporation or cancel the permit of a foreign one, and that such an action could not and should not be brought by an individual. It will be observed, however, that these statutes contain no express authority for the Attorney General to bring an action to have a receiver appointed, but merely provides that the court in which an action is brought to forfeit a charter or cancel a permit may, in its discretion, appoint a receiver and wind up the affairs of the corporation.

■ Appellant's third proposition that the action of the court in appointing a receiver was a usurpation of the powers conferred upon the insurance commission, is also untenable. Article 4925, providing for the contracting with other insurance companies for the assumption and reinsurance of the outstanding risks in the insolvent company, authorizes notice to the officers of the company or the receiver in charge of its property and affairs. It follows, therefore, that the insurance company would not be impeded for carrying out its duty as to reinsurance by the fact that a receiver had been appointed.

In the case of State v. Robinson, 42 S.W. (2d) 457 (writ refused), the Dallas Court of Civil Appeals, in construing article 5022, R. C. S., as amended by the 1st Called Session of the 41st Legislature, c. 11, § 1 (Vernon's Ann. Civ. St. art. 5022), held that the right to institute a suit for the winding up of the affairs of underwriters at Lloyds was vested in the Attorney General exclusively. The court based its decision in that case upon what it termed the policy of the state with reference to the dissolution and winding up of the affairs of its legal entities. It is not entirely clear whether the insurance company affected was a local or a foreign Lloyds, but from the language used we have concluded that it was a domestic one. Be that as it may, the statute there under consideration contained no such limiting words as are found in article 4691.

In Fire Protection Company of America v. State (Tex. Civ. App.) 59 S.W.(2d) 888, the right of the state through its Attorney General was being questioned; the argument being made that the receivership should have been vacated because the suit was not instituted by a creditor of appellant.

Therefore the court was not called upon to decide whether the Attorney General had the exclusive right to bring the suit.

We have concluded that those cases should not control the disposition of the question here involved.

■ The Legislature in article 4691, having specially reserved the right to the insurance commission in cases of insurance companies organized under the laws of this state, we feel constrained to hold that no such limitation was intended as to foreign insurance companies and that appellee was entitled to maintain this action by virtue of article 2293, Revised Statutes.

We find that the appointment of receivers for foreign corporations on the petition of creditors has been upheld by our appellate courts in San Antonio & G. S. R. Co. v. Davis (Tex. Civ. App.) 30 S. W. 693; Gibbons Mfg. Co. v. Milan (Tex. Civ. App.) 17 S.W.(2d) 843, 844; Murphy v. Argonaut Oil Co. (Tex. Com. App.) 23 S.W.(2d) 339.

Being of the opinion that the trial court had jurisdiction to appoint the receiver at the suit of appellee, the judgment is affirmed.

### On Motion for Rehearing.

Upon submission of this case the court was informed that appellant Globe & Rutgers Fire Insurance Company desired to file a brief. Permission to file brief was granted upon condition that it be filed not later than May 8, 1933. At such time no brief having been filed, the court proceeded to pass upon the questions presented in the brief filed by the Assistant Attorney General.

Our decision was announced on May 11th, and thereafter on the same date the briefs of the insurance company were filed. In view of these circumstances, we have decided to consider the additional questions presented in those briefs upon appellants' motions for rehearing.

The insurance company presents in its brief

a question of the sufficiency of the allegations in appellee's petition.

The contention being made that the petition is insufficient, because it contains no allegation that petitioner has no other adequate remedy at law, and because there is no allegation that the property of the insurance company is being mismanaged or wasted.

■ We understand the rule to be that the facts alleged must be such as to show that there exists no other remedy as practical and efficient to the ends of justice, as the remedy in equity, that a mere allegation or conclusion of the pleader that he has no other adequate remedy will not suffice, and that, where the petition shows the plaintiff entitled to the equitable relief prayed for, he need not allege that he has no adequate remedy at law. Sumner v. Crawford, 91 Tex. 130, 41 S. W. 994; Dunn v. City of Austin, 77 Tex. 139, 11 S. W. 1125; Kampmann v. Stappenbeck (Tex. Civ. App.) 45 S.W.(2d) 761; Sullivan v. Bitter, 51 Tex. Civ. App. 604, 113 S. W. 193.

The cases cited by appellants do not, in our opinion, sustain the proposition asserted.

In view of the facts here alleged, we cannot feel that it is such a case as would call for a showing that there was mismanagement or that the assets were being wasted.

■ Plaintiff alleged that the insurance company was in the hands of the superintendent of insurance of the state of New York; that it had suspended all payments; that the company had thousands of outstanding policies in Texas; that their claims far exceed the total amount of the bonds theretofore executed by said company; and that, in order to obtain a fair and equitable distribution to all citizens of Texas holding claims against the company it was necessary to have a receiver appointed to collect the amount of the bonds and distribute it pro rata among all the policyholders.

These facts it seems to us clearly gave the trial court the right to appoint the receiver, and we cannot say that he abused his discretion in so doing.

The Attorney General in his motion for rehearing contends that we erred in holding that article 4691, specially limiting the right of the insurance commissioner to maintain actions for closing up the affairs or to enjoin, restrain, or interfere with the prosecution of the business of an insurance company organized under the laws of this state, would control over the general provisions of article 5068, that the provisions of the title on insurance were conditions upon which foreign corporations should be permitted to do business within the state, and that such foreign corporations engaged in issuing contracts or policies in the state should be held to have assented to such provisions.

He argues that in construing the statutes mentioned it was our duty to give effect to the intent or purpose of the Legislature, and that in holding as we did in the original opinion we failed in that duty.

Article 4691, reads:

"The Commissioner, for the purpose of examination authorized by law, has power either in person or by one or more examiners by him commissioned in writing:

"1. To require free access to all books and papers within this State of any insurance companies, or the agents thereof, doing business within this State.

"2. To summon and examine any person within this State, under oath, which he or any examiner may administer, relative to the affairs and conditions of any insurance company.

"3. To visit at its principal office, wherever situated, any insurance company doing business in this State, for the purpose of investigating its affairs and conditions, and shall revoke the certificate of authority of any such company in this State refusing to permit such examination. The reasonable expenses of all such examinations shall be paid by the company examined.

"4. He may revoke or modify any certificate of authority issued by him when any conditions prescribed by law for granting it no longer exist.

"5. He shall also have power to institute suits and prosecutions, either by the Attorney General or such other attorneys as the Attorney General may designate, for any violation of the law of this State relating to insurance. No action shall be brought or maintained by any person other than the Commissioner for closing up the affairs or to enjoin, restrain or interfere with the prosecution of the business of any such insurance company organized under the laws of this State."

It clearly appears that the purpose of this statute was to set forth certain powers of the commissioner in the discharge of his duties. In some of the provisions his powers are made to apply to all insurance companies doing business in Texas, but in the latter part of the last section he is given exclusive power to take certain steps as to domestic insurance companies.

■ Under the familiar rule of construction that the specification of one particular class excludes all other classes, it follows that the commissioner would not have the exclusive power in the case of foreign companies. And we fail to see how the provisions of article 5068, above stated, could be used to extend to the commissioner the exclusive power in case of foreign corporations when the Legislature has specifically limited his powers in such matters to domestic corporations.

Nor do we agree that the policy of the state relative to the winding up of the affairs of banking and other corporations can be said to control where the Legislature has specifically limited the exclusive power of the commissioner.

The motions are overruled.