**LAWYERS SURETY CORPORATION et al.,**
Appellants,

v.

**Milton J. LaDUE, Jr., Appellee.**

No. 3984.

Court of Civil Appeals of Texas.

Waco.

June 7, 1962.

Rehearing Denied June 28, 1962.

Lawrence W. Vance, W. B. Handley, Dallas, for appellants.

Spafford, Ledbetter, Freeman, Hamlin & Gay, Cedric G. Hamlin, Dallas, for appellee.

McDONALD, Chief Justice.

This appeal involves recovery on 2 separate real estate bonds. LaDue, plaintiff, sued J. E. Cockrell, J. P. Sanders, Tex-Tran Developers (a partnership composed of Cockrell and Sanders), Lawyers Surety Corporation as surety on real estate broker's bond for Sanders, and Continental Casualty Company as surety on real estate broker's bond for Cockrell, for $2000, mon-

ey paid to the partnership on a contract of purchase to buy a lot. Deed to the lot was never delivered; plaintiff made demand for return of his $2000 which was not returned; and thereafter instituted the instant suit.

Trial was before the court without a jury which, after hearing, entered judgment for plaintiff against Tex-Tran Developers, Cockrell, and Sanders for $2000; and against Cockrell and Continental for $2000; and against Sanders and Lawyers Surety for $2000. Such judgment provided further that plaintiff should have but one satisfaction of his $2000 judgment and gave judgment over against Cockrell and Sanders in favor of Continental and Lawyers Surety for the $2000, together with attorney's fees. Cockrell and Sanders have not appealed.

Continental appeals, contending:

1) It was not surety for Tex-Tran, which made the contract of sale, but surety for Cockrell only as an individual, and that the trial court erred in rendering judgment against it for default of the partnership.

2) There is no proof that Cockrell was a licensed real estate broker for the year 1960, or that its surety bond was in force during such year.

3) The judgment is without support in the pleadings.

Lawyers Surety appeals, contending the same as applicable to its bond covering Sanders.

■ We revert to Contention 1, that the sureties should not be held liable for violations of the principal as a member of the Tex-Tran partnership. The principals Sanders and Cockrell were partners under the name of Tex-Tran. Both were real estate brokers, and were bonded by Continental and Lawyers Surety respectively. The conditions of such bonds were that the surety would pay any judgment recovered by any person in any suit for damages caused by a violation of the Act (Art. 6573a, Vernon's Ann.Tex.Civ.St.). The Trial Court found

that Cockrell's and Sanders' actions in failing to account for or remit money of others coming into the broker's possession constituted a violation of the Act. The Trial Court rendered judgment against both principals. Nothing more is necessary to fix the liability of the sureties. Neither principal excepted to the judgment or appealed therefrom. Such judgments are final and are res adjudicata as to respective violations of the Act and liability of the principals. The final judgment against the principals definitely fixes the liability of the sureties. The fact that the principal's actions were as members of the Tex-Tran partnership cannot militate to relieve them of liability as individuals. Nor can same relieve the sureties under the facts of this case.

Art. 6573a, § 8(d), V.A.T.S. requires each partner (other than the Agent Broker), to take out a separate real estate license in his own name individually. Under a similar California Real Estate brokers licensing act, the California Court of Appeals in a closely analogous case (Wiggins v. Pacific Indem. Co., 134 Cal.App. 328, 25 P.2d 898), held that the wrongful act of the partnership, or of one of the partners, is chargeable to the partnership and to the other partners, and grants recovery against the surety of the individual partners. The contention is overruled.

■ Defendant's 2nd contention is that there is no proof that the principals were licensed brokers for the year 1960, or that the surety bonds were in effect for such year. The record affirmatively reflects that the principals were bonded brokers for the year 1960. The contention is overruled.

■ Defendant's 3rd contention is that the judgment is without support in the pleadings. Plaintiff sued Tex-Tran, Cockrell, Sanders, Continental, and Lawyers Surety for $2000. Judgment was rendered for $2000 against all parties with the provision that there could be but one recovery. There was but one $2000 damage alleged for which it was alleged that all defendants were jointly and severally liable. Judgment against each for $2000 with a provision that there should be but one satisfaction of the judgment is not error. Moreover, Continental and Lawyers Surety are given recovery over against their principals for whatever they may have to pay, plus attorney's fees. The contention is overruled.

The judgment of the Trial Court is affirmed.