**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Appellant,**

**v.**

**TEXAS REAL ESTATE COMMISSION et al., Appellees.**

**No. 5558.**

Court of Civil Appeals of Texas.

El Paso.

Oct. 31, 1962.

Rehearing Denied Nov. 28, 1962.

Scott, Hulse, Marshall & Feuille and Charles Jones, El Paso, for appellant.

Collins, Langford & Pine, El Paso, for appellees.

LANGDON, Chief Justice.

This suit has its origin in a prior suit and judgment resulting from action in which the plaintiff-appellee, Rodrigo V. Bernal, was defrauded of a sum of money in excess of $2,000.00 by one Bennie P. Barela, a licensed real estate salesman, who wrongfully converted appellee's money to his own use. The wrongful conversion occurred between the months of April and December, 1959, and was not discovered by appellee until December 20, 1959. After discovery of the fraud, appellee accepted and received two promissory notes from Barela. Both notes were executed by Barela, were payable to the order of Bernal, and bore interest from their respective dates until maturity at the rate of six per cent per annum. The first note was for the principal sum of $1,604.00, bore the date of December 31, 1959, and became due and payable on April 1, 1960. The second note, in the principal sum of $828.00, was signed by both Barela and his wife, bore the date of February 9, 1960, became due and payable on May 1, 1960, and was secured by a chattel mortgage on certain household furnishings belonging to the Barelas. On April 7, 1960, the first note then being past due and unpaid, appel-

lee instituted suit against Barela charging him with fraud and wrongful conversion in the real estate transaction. On May 4, 1960 appellee obtained a default judgment against Barela in said suit for actual damages in the amount of $2,363.00, and for exemplary damages in the amount of $2,000.00.

Appellant in the instant suit is American Casualty Company of Reading, Pennsylvania, the surety on a Real Estate Salesman's License Bond made and executed by Bennie P. Barela, as principal, and the bonding company, as surety, pursuant to Article 6573a, section 11, of Vernon's Annotated Civil Statutes of Texas. The bond was in the sum of $2,000.00 payable to the Texas Real Estate Commission for the use and benefit of any injured party. The obligation was such that the principal and surety became jointly and severally bound to pay any judgment recovered by any person in any suit for damages or injury caused by the principal's violation of any of the provisions of "The Real Estate License Act" of the State of Texas.

On June 3, 1960, following the entry of the default judgment against Barela, appellee Bernal, by way of a demand letter written by his attorney, notified appellant bonding company of the judgment taken against Barela and made demand therein against said appellant for the sum of $2,000.00 under the terms of the "Real Estate Salesman's License Bond" mentioned above.

On January 12, 1961, both Barela and the bonding company having failed to pay the judgment or any part thereof, appellee, joined by the Texas Real Estate Commission, as plaintiffs, instituted the instant suit against appellant, as surety, and in the alternative as indemnitor, on the bond executed by it pursuant to section 11 of the Real Estate License Act.

Trial was had to the court without the intervention of a jury. After a hearing the trial court entered judgment for plaintiff-appellee for the sum of $2,000.00, plus the additional sum of $130.00 interest. Defend-ant-appellant has perfected its appeal from that judgment.

Appellant has based its appeal upon two points of error, as follows:

(1) The trial court erred in rendering judgment for the plaintiff in this case for the reason that the bond upon which this action was brought is a statutory surety bond and constitutes a contract of suretyship wherein the defendant surety was fully released and discharged upon the plaintiff's taking from the principal, without the consent of the defendant surety, promissory notes extending the time for payment of the sums misappropriated by the principal and altering the sums by providing six per cent interest per annum thereon.

(2) The trial court erred in rendering judgment for interest in this cause because it resulted in a recovery by plaintiff of an amount in excess of the specific contractual provisions of the bond.

The argument advanced by appellant in support of its first point is based primarily on the contention that the bond involved here was a contract of suretyship, and not one of insurance or indemnity, and that appellant, in its capacity as a surety on such bond, was relieved of any liability thereon when appellee, after having learned that Barela had misappropriated $2,432.00 of his (appellee's) money accepted the two notes and then looked for payment of the obligation, not through the bond upon which appellant was obligated, but through the payment of the notes; the acceptance of which changed the nature of the principal's obligation and also extended the time for the payment of same and provided for the payment of interest thereon. Appellant asserts that appellee's acceptance of the two notes constituted a new transaction and created an entirely different obligation from that created by the execution of the bond upon which the appellant had agreed to become bound as a surety.

At the outset—while we recognize the authorities cited by appellant and their application in suretyship cases—we point out that we do not consider such cases applicable to the facts of this case.

■■ The bond here is a statutory bond required by the Texas Real Estate Commission as a condition precedent to the granting of a real estate salesman's license to any applicant. The liability of both the principal and the surety in such bonds must be measured by the terms of the instrument when construed with reference to the purposes contemplated by the law requiring the bond. All provisions of the statute are deemed incorporated within the terms of the bond, and the sureties are considered as having known the law and as having executed and delivered the bond in reference thereto. While the form of all such statutory bonds is substantially the same, the legal effect of the bonds varies with the purposes contemplated by the statute requiring the bond. Although the bond may resemble a contract of suretyship in that it is frequently written in a form having a nominal surety, principal and obligee, it is unquestionably more than a contract of suretyship.

■ It has long been the law in Texas that in determining whether a bond is a contract of suretyship or one of insurance, courts must consider the substance rather than the form of the contract. Southern Surety Co. v. Austin, 17 S.W.2d 774 (Tex. Com.App.); American Indemnity Co. v. Mexia Indep. School Dist., 47 S.W.2d 682 (dis'm.) (Tex.Civ.App.).

The loss sustained by appellee was allegedly caused by the principal's violation of certain provisions of the Real Estate License Act, particularly subsections (1), (2), (5) and (17) of section 16 of the Act designating certain prohibited conduct on the part of real estate salesmen and brokers, as follows:

"(1) Knowingly making any substantial misrepresentation; or

"(2) Making any false promises with intent to influence, persuade or induce; or * * *

"(5) Failure within a reasonable time to account for and/or remit any moneys coming into his possession which belong to others, or the commingling of moneys belonging to others with his own funds; or * * *

"(17) Offering real property for sale or for lease without the knowledge and consent of the owner or his authorized agent, or on any terms other than those authorized by the owner or his authorized agent; * * *."

■■ The purpose of the bond was to guarantee the fidelity and honesty of the real estate salesman in his dealings with the public, and to insure and indemnify any member of the public against damages or injury caused by a violation of the Act by undertaking to "pay any judgment recovered by any person in any suit for damages or injury caused by a violation of this Act. * * *" We believe, therefore, that the contract was one of insurance or of indemnity, and was not one of suretyship.

■ The bond bound the surety company (appellant) to pay any judgment recovered for damages or injury sustained by reason of the principal's violation of any provision of the Act, including damages or injury caused by acts of dishonesty on the part of the principal, such as those enumerated under section 16 of the Act. Thus, the obligation of the indemnitor is found in the contract signed by it, and not in the transaction between principal and the appellee which resulted in a law suit and a judgment against the principal, which he failed to pay. We think it is immaterial under the facts of this case that the appellee accepted notes from Barela in an amount equal to the funds previously and wrongfully converted by Barela from appellee.

When Barela failed to pay the first note, suit was filed—not on the notes, but on the previous cause of action arising out of Barela's violation of the provisions of the Real Estate License Act. The judgment entered thereon (when Barela failed to pay it) determined the amount of the damages or injury suffered by appellee, and became the measure of the indemnitor's loss and fixed the extent of the indemnitor's liability under the bond. The notes involved here (particularly in view of their conditional acceptance by appellee, as found by the court) did not alter the terms of the indemnity contract, and did not change the liability of the indemnitor thereunder. Eller v. Erwin, 265 S.W. 595 (dis'm.) (Tex.Civ. App.); 43 A.L.R. 1368.

We believe appellant's first point should be overruled.

Appellant's second point is directed against that part of the trial court's judgment allowing interest in the sum of $130.00 because it resulted in a recovery by appellee of an amount in excess of the specific contractual provisions of the bond.

█ We consider the bond involved here to be in the nature of an official bond not materially unlike those of public officers. In such cases the weight of modern authority supports the view that interest may be recovered against the surety from the date of the notice to such surety of the breach, or from the date of a demand on the surety to make good such breach.

"Ordinarily, when a cause of action on an official bond arises in favor of a third person, he is entitled to recover interest. And although the penalty of the bond fixes the limit of the liability of the surety at the time the liability arises, yet according to many authorities if the principal or surety fails to discharge that liability when it matures, interest may be allowed on the amount from the time the liability arises, *even if the amount of recovery shall exceed the penalty.*" (Emphasis supplied.)

(43 Am.Jur. 185, Public Officers, sec. 416, and authorities cited.)

█ It is undisputed that appellee did notify appellant by letter dated June 3, 1960, of the judgment taken against Barela, and made demand therein against appellant for the sum of $2,000.00, which appellant failed to pay. The interest allowed by the trial court was from the date of the demand down to the time of the judgment in the instant case. Under these facts we are of the opinion that appellee is entitled to recover interest as damages for the detention of his money, if not on the bond itself. Farmer's State Bank v. Brazoria County, 275 S.W. 1103 (wr. ref.) (Tex.Civ.App.); Collins et al. v. Tarrant County, 242 S.W. 1105 (Tex.Civ.App.).

Appellant's Point Two is accordingly overruled.

Finding no error, the judgment of the trial court is affirmed.