**RELIANCE INSURANCE COMPANY,**
Appellant,

v.

**William H. PARKS et al., Appellees.**

**No. 7770.**

Court of Civil Appeals of Texas.

Amarillo.

June 10, 1968.

Rehearing Denied July 29, 1968.

Culton, Morgan, Britain & White, Amarillo, Maston C. Courtney, Amarillo, of counsel, for appellant.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, Robert H. Smith, Amarillo, of counsel, for appellees.

DENTON, Chief Justice.

This is a suit upon a statutory real estate broker's bond, required by Article 6573a, Section 11, Vernon's Ann.Civ.St., known as the Real Estate License Act. Trial was before the court without a jury and resulted in a judgment for the plaintiffs, William H. Parks and the Real Estate Commission against the Reliance Insurance Company, the surety on the bond. Judgment was in the amount of $3,000.00, the face amount of the bond plus interest.

This suit was preceded by a prior suit filed by appellee Parks against Lou Morris. There, the appellee alleged that Mrs. Morris, while acting as a duly licensed, bonded real estate broker, misappropriated and improperly paid out a portion of $17,500.00 cash paid over to Mrs. Morris and placed by her in an escrow account over which she had sole direction and control. It was further alleged the cash was placed in the defendant's escrow account pursuant to the terms of a written contract for the sale of certain real estate and improvements to be constructed thereon; and that the defendant so used a portion of such funds in violation of the Texas Real Estate License

Act. A jury verdict resulted in a judgment for the plaintiff against Mrs. Morris in the amount of $6381.84, plus interest. This judgment became final. Appellant, not a party to the original suit, stipulated here it had notice of the prior cause shortly after it was filed and prior to the time it was tried. After the prior judgment became final, demand was made upon appellant as surety for payment under its bond. Upon the appellant's refusal to pay the judgment to the extent of its bond, Parks, joined by the Texas Real Estate Commission, instituted the present suit.

Appellant contends it is not liable as surety under the bond because the alleged wrongful conduct of Lou Morris was outside the purview of the Real Estate License Act. It is their position that the paying out of the escrow fund to Granger, the seller and builder of the house, only as the work progressed on the construction of the house, was not a violation of the Act, in that such funds dealt only with the construction of improvements upon the real estate, and was not an act dealing with the real estate itself. It is uncontradicted the lot was paid for in full out of the escrow fund and title was properly transferred to the Parks prior to the beginning of construction of the house.

Section 11 of the Real Estate License Act requires each real estate salesman or broker to furnish a surety bond as a prerequisite of the issuance of the license. The statutory bond is conditioned that the applicant "will pay any judgment recovered by any person in any suit for damages or injury *caused by a violation of this Act.*" (Emphasis added).

The controversy between the Parks and Mrs. Morris grew out of a written sales contract between W. L. Granger, seller, and Parks and wife as purchaser dated February 20, 1965. The contract designated Lou Morris Realty as the seller's agent. The contract provided for the sale by Granger to the Parks of a certain described lot in Randall County, Texas. The material paragraph of the contract reads as follows:

"the purchase price of $17,500.00, payable as follows:

"17,500.00 Cash (of which Purchaser has deposited with the undersigned Agent $17,500.00 as full payment for described lot and house (receipt of which is hereby acknowledged by said Agent); Seller agrees to build according to plans and specifications as per agreement in a good and workmanlike manner and to start immediately. Said described lot to be paid for in full immediately upon receipt of deed and abstracts being approved to be furnished by Pete Hudson. Said $17,500.00 to be paid out to Seller as work progresses upon receipt of house any balance left in escrow shall be immediately paid to Seller."

The last paragraph of the contract provides:

"Seller agrees to pay the undersigned duly authorized agent a commission of $1050.00 in cash for negotiating this sale."

In the trial of the first cause the jury found: Parks placed the $17,500.00 cash in escrow of Lou Morris and they agreed Mrs. Morris would pay out said money only for work already done or for material already furnished as the work on the house progressed as contemplated by the contract; that Mrs. Morris paid out some sums prior to the date that actual work had been completed and materials furnished; that she so paid $12,500.00; that she failed within a reasonable time to account to Parks for the money placed in her escrow account; that Parks did not authorize a payment of $4,000.00 to Granger on February 25, 1965; nor a payment of $1050.-00 to Lou Morris Realty on February 23, 1965, nor a payment of $7,000.00 to Granger on February 23, 1965. Judgment was entered for Parks against Morris in the amount of $6381.84 plus interest. This judgment became final.

Section 16 of the Act sets out the acts for which a real estate broker or salesman may have their license revoked or suspended. Section 16(c) (5) reads:

"Failing within a reasonable time to account for and/or remit moneys coming into his possession which belong to others, or the commingling of moneys belonging to others with his own funds;"

and Subsection (25):

"Dispersing moneys deposited in a custodial, trust, or escrow account, in accordance with Subsection (24) above, before the transaction concerned has been consummated or finally terminated otherwise."

The transaction which brought about the present dispute grew out of the execution of the sales contract referred to above. The Morris Agency was the designated agent who negotiated the sale. The contract obligated the seller to pay her a commission of $1050.00 "for negotiating this sale". In carrying out the terms of the contract, the designated real estate agency received the total purchase price of the property which included the price of the lot and the completed house to be built thereon. The money came into the agent's possession as a real estate agent. It is undisputed the lot was paid for in full out of the escrow funds. The distribution of the remaining funds was an integral part of the real estate transaction. It was directly connected with the sale of the property and was as much a part of the sales transaction as the sale of the lot. Unquestionably, the contract involved the purchase of real estate and the construction of the house on that property. It seems to us that the two purposes were so closely allied that they are properly covered by the Act. We therefore conclude Lou Morris Realty was acting as the real estate broker in handling the whole transaction growing out of the written sales contract. The acts of misconduct were clearly violations of Subsections (5) and (25) of Section 16(c) of the Act.

Appellant next challenges certain findings and conclusions of the trial court. The contention is made there is no evidence that the defendant in the prior suit was a licensed real estate broker; that the acts of such defendant constituted a breach and violation of the Real Estate License Act; that the acts of Mrs. Morris complained of were controlled by the Act as found by the trial court. The record affirmatively shows the principal was a bonded, licensed real estate broker during the period material to this cause. Our ruling on the first Point of Error disposes of these contentions.

■ It has been held the statutory bond required by the Texas Real Estate License Act is a contract of indemnity and not one of surety. American Casualty Company v. Texas Real Estate Commission (Tex.Civ. App.) 362 S.W.2d 192 (Ref. N.R.E.). The bond bound the surety company, the appellant here, to pay a judgment recovered for damages sustained by reason of the principal's conduct constituting a violation of any of the provisions of the Act. The basis of appellant's obligation is the bond itself. When the principal's acts have been judiciously found to have been a violation of the Act and such acts have caused damages or injury as determined by a prior final judgment, the liability of the surety becomes fixed. The final judgment against the principal fixes the liability of the surety. Lawyers Surety Corporation v. La-Due (Tex.Civ.App.) 358 S.W.2d 714. The limits of the surety's liability is fixed by the amount of the bond if it be less than the amount of the original judgment, as was the case here. We overrule all of appellant's Points of Error.

The judgment of the trial court is affirmed.