**Harold William SCHWEITZER, Appellant,**

v.

**STANDARD COFFEE SERVICE COMPANY et al., Appellees.**

**No. 4784.**

Court of Civil Appeals of Texas, Eastland.

March 21, 1975.

Jay M. Goltz, Dallas, for appellant.

Craig M. Fowler, Tabor & Fowler, Irving, for appellee.

WALTER, Justice.

Standard Coffee Service Company recovered an interlocutory default judgment against Frank E. Enyart. Standard's cause of action against Enyart alleged that he was a salesman for the company selling coffee supplies to Standard's customers; that Standard reposed trust and confidence in Enyart and permitted him to keep records of the amount of coffee merchandise and supplies received by him and sold to Standard's customers; that Enyart kept an account of the money he received from the sale of said coffee supplies; that it made an audit of Enyart's account on March 9, 1973, and that Enyart had a

shortage of $1,889.44. Standard further alleges that when Enyart terminated his employment with the company he was presented with an inventory and audit sheet showing such shortage of $1,889.44.

The interlocutory default judgment provided:

". . . and it appearing to the Court that Plaintiff's suit is based on account of coffee supplies of Plaintiff's business and money collected from Plaintiff's customers, and it appearing to the Court that Plaintiff is entitled to the following Interlocutory Judgment;"

Thereafter, in a nonjury trial, the interlocutory judgment was made final and in said final judgment Standard Coffee recovered a judgment against Harold William Schweitzer for $1,000.00. Schweitzer had signed Enyart's employee bond for a $1,000.00, dated February 6, 1972, which provided, in effect, that if Enyart checked up short on money, merchandise or equipment, Schweitzer would pay the shortage up to a $1,000.00.

Schweitzer has appealed and contends; "The obligee failed to prove the basis of the principal's liability and that such liability was within the undertaking of the surety."

After Standard's witness, Powell, testified that Enyart was indebted to the company in the amount of $1,889.44, the appellant objected, and the court said:

"THE COURT: I'm going to overrule the objection, because the docket sheet in this Court *reflect* that on September 7, 1973, that an interlocutory default judgment was entered against Defendant Enyart for Eighteen Eighty-Nine Forty-Four, plus attorney's fees, interest, and costs."

■ The admissible testimony of Mr. Powell constitutes some evidence of the liability of Enyart to the Company for such shortage.

In Reliance Insurance Company v. Parks, 430 S.W.2d 950 (Tex.Civ.App.—Amarillo 1968, writ ref. n. r. e.), the court said:

" . . . the basis of appellant's obligation is the bond itself. When the principal's acts have been judiciously found to have been a violation of the Act and such acts have caused damages or injury as determined by a prior final judgment, the liability of the surety becomes fixed. The final judgment against the principal fixes the liability of the surety. Lawyers Surety Corporation v. LaDue (Tex.Civ.App.) 358 S.W.2d 714."

■ We hold that the interlocutory default judgment against Enyart was properly considered by the court.

■ Appellant also complains about the admission in evidence of xerox copies of the employment contract and the bond. Standard's witness, Mr. Powell, testified that he identified Plaintiff's Exhibit No. 2 as a copy of the employee's bond and that he had the original. After receiving this evidence Standard's attorney said:

"I'm going to offer the original and request to substitute copies so we can obtain the original for a copy."

Article 3731c of Vernon's Ann.Civ.Stat. provides as follows:

"Any copy or reproduction of a writing or written instrument, by photographic, photostatic, microfilm or other processes which accurately reproduces or forms a durable medium for reproducing the originals of any such writing or written instrument, can be used and its use shall be permitted in any judicial or

administrative proceeding or trial, including the taking of depositions, where the party using the same, at the time of its offer in evidence either produces the original or reasonably accounts for its absence, or where there is no bona fide dispute as to its being an accurate reproduction of the original. This Act shall be cumulative of any other statutory or common law relating to the subject hereof."

There is no bona fide dispute on the question of whether the copy of the bond is an accurate reproduction of the original. From Powell's testimony relating to the original, we can say he has properly accounted for the original under the statute. We hold that the court properly admitted the xerox copies of said instruments under the evidence in this case.

We have examined all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.