R. G. BENEKE, Appellant,

v.

WESTERN SURETY COMPANY,
Appellee.

No. 4863.

Court of Civil Appeals of Texas,
Eastland.

March 4, 1976.

Rehearing Denied April 1, 1976.

1. The bond is no longer required. See 1975 amendment, Sec. 8, Art. 6573a.

2. Article 6573a, Vernon's Ann.Civ.Stat.

3. "(c) the licensee, while performing any of the acts constituting a Broker or Salesman as defined by this Act, has been guilty of:

Joe Riddles (Kraus, Semon & Riddles), Richardson, for appellant.

Edward J. Drake (Brady, Drake & Wilson), Dallas, for appellee.

McCLOUD, Chief Justice.

This is a suit upon a statutory real estate broker's bond signed by H. Ward Collier, Jr., as principal, and Western Surety Company, as surety, in compliance with Article 6573a, Sec. 11, Vernon's Ann.Civ.Stat.[1] Plaintiff, R. G. Beneke, sued defendant, Western Surety Company, alleging that he had previously obtained a judgment against H. Ward Collier, Jr., for actual damages of $2,250, resulting from Collier's violation of the Real Estate License Act.[2] Plaintiff specifically alleged that Collier, while acting as a real estate broker as defined in the Act, violated Section 16(c)(5).[3] Both parties moved for summary judgment. Defendant contended the summary judgment proof conclusively established that Collier was acting as a loan broker and not as a real estate broker, as defined in the Act, at the time of the transaction. Plaintiff argued he was entitled to summary judgment because the previous judgment against Collier was conclusive against defendant. The trial court granted defendant's motion. Plaintiff, Beneke, has appealed contending the court erred in granting defendant's mo-

.    .    .    .    .

(5) Failing within a reasonable time to account for or remit moneys coming into his possession which belong to others, or commingling of moneys belonging to others with his own funds; . . . "

tion, and in not granting his motion for summary judgment. We reverse and render.

The controlling question is whether the judgment in favor of Beneke against Collier is conclusive as to Western Surety Company. It is uncontroverted that at the time of the transaction between Beneke and Collier, Western Surety had issued the bond in question. Western Surety contends it is not bound by the judgment entered in the suit between Beneke and Collier because it had no notice of the suit, and Collier's actions were not covered by the Act.

■ It has been held the statutory bond in question is a contract of indemnity and not one of surety. *American Casualty Company v. Texas Real Estate Commission,* 362 S.W.2d 192 (Tex.Civ.App.—El Paso 1962, writ ref. n. r. e.); *Reliance Insurance Company v. Parks,* 430 S.W.2d 950 (Tex.Civ.App.—Amarillo 1968, writ ref. n. r. e.). The obligation of the indemnitor is determined by the contract.

In considering the effect of a prior judgment against a real estate broker, the court in *Reliance Insurance Company v. Parks,* supra, said:

. . . The basis of appellant's obligation is the bond itself. When the principal's acts have been judiciously found to have been a violation of the Act and such acts have caused damages or injury as determined by a prior final judgment, the liability of the surety becomes fixed. The final judgment against the principal fixes the liability of the surety. *Lawyers Surety Corporation v. LaDue* (Tex.Civ. App.) 358 S.W.2d 714 . . . "

The court in *American Casualty Company v. Texas Real Estate Commission,* supra, stated:

" . . . The judgment entered thereon (when Barela failed to pay it) determined the amount of the damages or injury suffered by appellee, and became the measure of the indemnitor's loss and fixed the extent of the indemnitor's liability under the bond . . . "

The failure to give the surety on an indemnity contract notice of suit was discussed in the early case of *Browne v. French,* 22 S.W. 581 (Tex.Civ.App.1893, no writ), wherein the court said:

"The first question that we consider is, is the judgment of the Crane-Breed Manufacturing Company against French and the appellant conclusive against the appellees as sureties on the bond sued on in this case, they not being parties to the suit or notified of its pendency? The obligation created by the bond so executed to appellant was that the obligors should pay the debts of French & Browne, and hold the appellant harmless. *It was not that they should be bound by any particular judgment, but simply a general promise to pay the debts.* The general rule upon this subject may be stated that, when it appears from the terms of the obligation that the surety has contracted to *become bound by a judgment that has been or may be rendered in an action against his principal, it is conclusive against him, although he was not a party to the suit in which the judgment was obtained;* but in an undertaking, general in character, such as the bond sued upon in this case, the judgment obtained against the principal therein only creates a prima facie liability against the surety who was not made a party or given an opportunity to defend the suit in which the judgment was obtained. In such cases the judgment is not conclusive, and does not operate as an estoppel against the surety, and he will, when sought to be made liable therefor by the judgment creditors, be permitted to interpose any valid defense that would defeat the plaintiff's case existing at the time the judgment was obtained . . . " (emphasis added)

In distinguishing between an agreement to be bound by a particular judgment and a general undertaking to pay debts, the court in *United States Fidelity & Guaranty Co. v. Paulk,* 15 S.W.2d 100 (Tex.Civ.App.—Texarkana 1929, no writ) said:

" . . . the appellees did not have notice of the former suit. The generally

recognized rule, and about which there is no doubt, is that a final judgment of a competent tribunal is conclusive of all matters adjudicated as between the parties and their privies. This estoppel extends, of course, to every material allegation in the cause which was either expressly or by necessary implication in issue. In such case the judgment, upon proof of its rendition, becomes conclusive evidence against such parties. And the rule seems to be established that an indemnitor, although he does not appear in the suit, is not regarded as a stranger to the judgment, which, if obtained without fraud or collusion, is conclusive against him to the extent of the matters expressly determined by it, *where such indemnitor expressly makes his liability to depend on litigation and stipulates that he will abide the result of the suit.* 34 C.J. p. 1031; 14 R.C.L. p. 61; 2 Black on Judgments, 573; *National Surety Co. v. Love,* 105 Neb. 855, 182 N.W. 490, and other cases. He may set up and prove only defenses which were not directly determined in the first litigation . . Again, according to the weight of authority, as a general rule, where the indemnitor has not been notified of the prior suit *and has not made his liability over depend expressly on the event of a litigation to which he was not a party and has not stipulated to abide the judgment of the suit,* estoppel is not created by the judgment therein and such judgment does not become conclusive evidence of the ultimate liability over to the defendant therein. It is regarded as prima facie evidence of the fact of its rendition and the amount of damages . . . " (emphasis added)

See also 30 Tex.Jur.2d Indemnity § 23 (1962); 42 C.J.S. Indemnity § 32 (1944); *Kruger v. California Highway Indemnity Exchange,* 201 Cal. 672, 258 P. 602 (1927).

█ In the instant case defendant expressly agreed "to abide the judgment" of a particular suit. The bond bound defendant to pay "any judgment recovered by any person *in any suit for damages or injury caused by a violation of this Act."* (emphasis added) The italicized language describes the kind of suit in which a judgment must be entered before defendant is liable. The judgment entered on behalf of plaintiff against Collier expressly found:

" . . . H. Ward Collier, Jr., is indebted to the Plaintiff, R. G. Beneke, in the principal sum of $2,250.00; the Court further finds that the Defendant, H. Ward Collier, Jr. violated Article 6573a of the Real Estate License Act, section 16(c)(5) in that he failed within a reasonable time to account for and to remit monies which came into his possession which belonged to R. G. Beneke, and that he refused to return the said money . . . "

There can be no doubt that the suit filed by Beneke against Collier was a suit, "for damages or injury caused by a violation" of the Act. Beneke's petition in the Collier suit expressly alleged that Collier, in his capacity as a licensed real estate broker, converted Beneke's funds in violation of the "Real Estate License Act." Defendant expressly contracted to be bound by any "judgment" in any such suit. The judgment rendered in the prior suit is conclusive against defendant in the absence of any allegations of fraud or collusion. There are no such allegations, or summary judgment proof in the case at bar.

The judgment of the trial court is reversed and judgment rendered for plaintiff in the sum of $2,250, plus interest from April 25, 1975, the date defendant admitted demand had been made upon it to pay the amount of the outstanding judgment against Collier. *American Casualty Co. v. Texas Real Estate Commission,* 362 S.W.2d 192 (Tex.Civ.App.—El Paso 1962, writ ref. n. r. e.).

Reversed and rendered.