**TEXAS REAL ESTATE COMMISSION,**
**Appellant,**

v.

**CENTURY 21 SECURITY REALTY,**
**INC., Appellee.**

No. 6887.

Court of Civil Appeals of Texas,
El Paso.

April 23, 1980.
Rehearing Denied May 21, 1980.

Mark White, Atty. Gen. of Texas, John W. Fainter, Jr., 1st Asst. Atty. Gen., Ted L.

Hartley, Executive Asst. Atty. Gen., Douglas B. Owen, Bill Campbell, Asst. Attys. Gen., Paul R. Gavia, Chief Asst. Atty. Gen., State and County Affairs Division, Austin, for appellant.

Lipson & Dallas, Myer J. Lipson, El Paso, for appellee.

## OPINION

WARD, Justice.

This case involves the Real Estate License Act, Article 6573a, Sec. 8, Tex.Rev. Civ.Stat.Ann. (Supp.1980), and the meaning of the term "aggrieved person" as used in the recovery fund section of the Act. The appeal is from an order obtained directing the Appellant to pay out of the real estate recovery fund a certain judgment theretofore obtained by the Appellee against Paul Guerra in the amount of $1,625.94 together with interest, costs and attorney fees. From the record as presented to us, we will affirm the judgment.

In 1977, Paul Guerra, a real estate salesman duly licensed by the Texas Real Estate Commission, was employed in El Paso by Century 21 Security Realty, Inc., a duly licensed real estate broker. During his employment, Guerra collected $2,525.94 from various customers of Century 21 and, except for $900.00, failed to pay the money to the parties whom the customers had requested. Thereafter, he departed for parts unknown. According to the findings of the trial Court contained in the order appealed from, Century 21 then compensated and made whole the customers who had suffered losses, and according to Century 21 became subrogated to the customers' claims. Century 21 then sued Paul Guerra because of his fraud, misrepresentation, deceit and trickery, and recovered judgment against him in the amount of $1,625.94. Additional findings of the Court in the order show full compliance with the requirements contained in Part 3 and Part 4 of Section 8 of Article 6573a. Thereupon, the Appellee's application for payment from the recovery fund was granted, and the Texas Real Estate Commission was ordered to pay out of the fund the balance on the outstanding judgment, together with interest and reasonable attorney fees.

The record in the case consists only of the transcript. This in turn contains an agreed stipulation of facts entered in the original suit against Guerra and findings of fact contained in the order appealed from.

Appellant contends that Century 21 is not an "aggrieved person" within the meaning of the statute since it was not a client or customer of Paul Guerra, but rather was his employer. Prior to May 19, 1975, each licensed real estate broker and salesman in Texas was required to maintain a bond for the protection of his clients who might suffer loss through certain acts of such broker or salesman. Section 8 of the current Real Estate License Act became effective in 1975 and established the real estate recovery fund which replaced the former system of individual bonds which were purchased and maintained by each licensee. The fund is designed to be used for reimbursing "aggrieved persons" who suffer monetary damage by reasons of certain acts committed by duly licensed real estate brokers or salesmen, and primarily covers conduct which constitutes fraud, misrepresentation, deceit, false pretenses or trickery. Appellant points out that it has been the interpretation by the Texas Real Estate Commission, since the passage of the Act, that the fund was neither created for nor is being maintained to reimburse salesmen or brokers for each other's acts, especially when a loss occurs by one who is either the employer or employee of another.

The parties cite no appellate decisions in this State concerning the question involved here. The only other state known to the Appellant which has a system of protection similar to the recovery fund of Section 8 of the Real Estate License Act is California, and the leading appellate decision regarding the question is *Middelsteadt v. Karpe*, 52 Cal.App.3d 297, 124 Cal.Rptr. 840 (1975).

That case involved an internal dispute between a broker and a salesman over a commission, the salesman failing to remit to the broker his portion of the commission. The California court held that the purpose of the statute was to protect the public against the existing evils of the real estate business and those engaged in the business were not regarded as part of the public as far as the Act was concerned.

We have no quarrel with that proposition. The same thought was expressed by our late Chief Justice Jim Langdon regarding the Texas Act when it contained the bonding provision. He stated that the purpose of the bond was to guarantee the fidelity and honesty of the real estate salesman in his dealings with the public and to insure and indemnify any member of the public against damages or injury caused by a violation of the Act by undertaking to "pay any judgment recovered by any person in any suit for damages or injury caused by a violation of this Act." *American Casualty Company of Reading, Pennsylvania v. Texas Real Estate Commission*, 362 S.W.2d 192 (Tex.Civ.App.—El Paso 1962, writ ref'd n. r. e.).

The present Texas Act setting up the real estate recovery fund provides the fund is to be used for "reimbursing aggrieved persons who suffer monetary damages by reason of certain acts committed by a duly licensed real estate broker or salesman, . . . provided recovery is ordered by a court of competent jurisdiction against the broker or salesman." Section 8 Part 1(a). The Act is specific in setting out the various procedural prerequisites for recovery under the fund, the main limitation being that the "aggrieved person" show that he is not a spouse of the debtor, or the personal representative of the spouse. Section 8 Part 3(C)(2). No broad definition of aggrieved person is made. Since the Act excludes the spouse of the debtor and the personal representative of the spouse, and does not exclude or omit real estate licensees as potential aggrieved persons, the Appellee insists

that the maximum expressio unius est exclusio alterius applies. The express mention or enumeration of one thing, consequence or class is tantamount to an express exclusion of others. *State v. Maple*, 61 S.W.2d 149 (Tex.Civ.App.—El Paso 1933, no writ); *City of Amarillo v. Griggs Southwest Mortuary, Inc.*, 406 S.W.2d 230 (Tex.Civ. App.—Amarillo 1966, writ ref'd n. r. e.).

We do not reach that argument. Under the limited facts available, and which are not attacked, fraud and deceit were practiced upon members of the public who were the Appellee's clients. Those clients were made whole by the Appellee immediately after their losses, and the Appellee is suing for those losses. The equitable principle of subrogation applies. "The doctrine of subrogation is given a liberal application, and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. The doctrine is particularly strong in this state." 53 Tex.Jur.2d Subrogation sec. 5 (1964). The Appellee, in reimbursing the customers, was not acting as a mere volunteer but was protecting his own interest, both morally and legally, since he would have been responsible for paying the debt. While the Appellee may not have been an "aggrieved party," he was subrogated to the rights of those who were.

The last part of the dissent attacks the proceedings as presenting a question of fundamental error. That prompts the following. The order appealed from in this case concerns the Real Estate Commission and Century 21. It is separate and apart from the judgment obtained by Century 21 against Paul Guerra. This appealed order recites, among other things, that the Plaintiff has complied with all requirements of Part 3 of Section 8 of Article 6573a, Tex. Rev.Civ.Stat.Ann. One of the requirements of Part 3 is that an aggrieved person recov-

er a valid judgment in a court of competent jurisdiction. This recitation in the appealed order is tantamount to a finding that the Guerra judgment is valid. To hold the Guerra judgment void in this proceeding, by invoking the principle of fundamental error, is making a collateral attack on that judgment which Guerra or the State at this point could not do. Here, the very order appealed from recites the validity of the former judgment, and no attack is made on the finding.

The judgment of the trial Court is affirmed.

STEPHEN F. PRESLAR, Justice, dissenting.

I respectfully dissent, and would reverse the judgment of the trial Court for three reasons. First, because Appellee is not an aggrieved party within the meaning of the Act; secondly, the facts of the case do not bring the Appellee within its coverage; and thirdly, the Act was not complied with, in that the judgment relied on by Appellee was not obtained in a court having jurisdiction over the Defendant.

Appellee took a judgment against his former employee, based on pleadings that he employed Defendant as his agent and authorized him to collect certain sums of money from customers of Plaintiff; that the Defendant did collect various sums but did not pay over to Plaintiff all of such sums, leaving an unpaid balance of $1,625.94. It is the writer's opinion that this judgment of an employer against his employee for withholding funds due the employer cannot be recovered from the fund provided for members of the public who have been aggrieved by real estate salesmen.

On May 19, 1975, Section 8 of the current Real Estate License Act, Article 6573a, Tex. Rev.Civ.Stat.Ann. (Supp.1980), became effective and established the real estate recovery fund, which replaced the former system of individual bonds purchased and maintained by each licensee. I would hold that the current Act should be given the same interpretation as the former Act since the recovery fund simply replaces the bonding provision, and both had the same purpose. The majority does not quarrel with the stated purpose of the Act as being to guarantee the fidelity and honesty of the real estate salesman in his dealings with the public and to insure and indemnify any member of the public against damages or injury caused by a violation of the Act, citing this Court's decision in *American Casualty Company of Reading, Pennsylvania v. Texas Real Estate Commission*. The purpose has also been stated by the Amarillo Court in *Justice v. Willard*, 538 S.W.2d 651 (Tex.Civ.App.1976, no writ), as being:

The purpose of the Act is to regulate the practices of those engaged in the business of selling real estate for compensation and to eliminate or reduce fraud in the interest of the public. See *Hall v. Hard*, 160 Tex. 565, 335 S.W.2d 584 (1960); *Gill v. Smith*, 233 S.W.2d 223 (Tex.Civ.App.—Galveston 1950, writ ref'd n. r. e.).

Section 8, Part 1, of the Act provides that the recovery fund shall be used for "reimbursing aggrieved persons who suffer monetary damages by reason of certain acts committed by a duly licensed real estate broker or salesman, . . ." Appellee in this case is not, in my view, an "aggrieved party" within the meaning of the Act. His claim is not one by a client or a member of the public against a real estate salesman; rather, his claim only of an employer against an employee for the fraud of the employee who happened to be a real estate salesman. If, in fact, that fraud affected clients of Appellee, then it was his fraud under the doctrine of respondeat superior.

The judgment on which this claim is based recites that the "Plaintiff employed Defendant as his agent, and authorized him to collect certain sums of money from customers of Plaintiff for and on behalf of Plaintiff," and it recites that he did collect money and did fail to pay it over to Plaintiff, and that judgment should be rendered

in favor of Plaintiff against Defendant. Thus, there is nothing in that judgment, or the pleadings on which it is based, that the Appellee paid over any money to clients and is suing for recovery of such payments; the equitable principle of subrogation relied on by the majority is not present.

The Act provides that, before recovery can be had from the fund, recovery must be ordered by a court of competent jurisdiction against a broker or salesman. That has not been done in this case for the reason that the Court rendering judgment against the salesman did not have jurisdiction to render an in personam judgment against him. He was cited by publication and did not enter an appearance. Error is not assigned to the fact that Defendant was cited by publication, but I deem it to be fundamental to the right to recover under the Act.

For the reasons stated, I would reverse the judgment of the trial Court and render judgment that Appellee take nothing.