

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

February 17, 2000

Mr. Vernon M. Arrell, Commissioner  
Texas Rehabilitation Commission  
4900 North Lamar Boulevard  
Austin, Texas 78751-2399

Opinion No. JC-0183

Re: Selective service verification for state employ-ment under section 651.005 of the Government Code (RQ-0118-JC)

Dear Commissioner Arrell:

You have requested our opinion as to the meaning of a provision of a Texas law that a state agency may not hire as an employee any person required to register with the selective service system unless the person presents proof of such registration or exemption therefrom. For the reasons set forth below, we conclude that the statute applies only to individuals who are at present between the ages of eighteen and twenty-five inclusive.

The most recent session of the legislature enacted section 651.005 of the Government Code, by passing House Bill 558,[1] which provides:

> (a) An agency in any branch of state government may not hire a person as an employee if the person *is* of the age and gender that would require a person residing in the United States to register with the selective service system under federal law, unless the person presents proof of the person's:
>
> (1) registration with the selective service system as required by federal law; or
>
> (2) exemption from registration with the selective service system.

---

[1]Act of May 12, 1999, 76th Leg., R.S., ch. 171, § 1, 1999 Tex. Gen. Laws 640.

> (b) This section does not apply to a person employed by a state agency before September 1, 1999, as long as the person's employment by the agency is continuous.

TEX. GOV'T CODE ANN. § 651.005 (Vernon Supp. 2000) (emphasis added).[2] As you indicate, current federal law requires only males who are at least eighteen years of age but less than twenty-six years of age to register with the selective service system. *See* 50 U.S.C. app. § 453 (1994). The selective service system registration requirement is applicable only to males born on or after January 1, 1960. *See* Proclamation No. 4771, 45 Fed. Reg. 45247 (1980). The question before us is whether the language of section 651.005 requires proof of selective service compliance of all males born on or after January 1, 1960, or whether proof is required only for those males between the ages of eighteen and twenty-five inclusive at the time they are considered for state employment, *i.e.*, does the word "is" include "was"?

It is instructive to contrast Texas law with its federal counterpart, which provides, in relevant part:

> (a) An individual—
>
> (1) who was born after December 31, 1959, and *is or was* required to register under section 3 of the Military Selective Service Act (50 U.S.C. App. 453); and
>
> (2) who is not so registered or knowingly and willfully did not so register before the requirement terminated or became inapplicable to the individual,
>
> shall be ineligible for appointment to a position in an Executive agency.

5 U.S.C. § 3328 (1994) (emphasis added). Thus, federal law makes clear that the registration requirement is applicable to all males born on or after January 1, 1960, regardless of their age at the time they apply for federal employment. "Is" and "was" are both explicitly covered.

As we have noted, the Texas statute, by contrast, includes only "is." Section 311.011 of the Government Code provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. 311.011(a) (Vernon 1998); *see also Ex parte Anderson*, 902 S.W.2d 695, 699 (Tex. App.–Austin 1995, pet. denied). The Oxford English Dictionary defines "is" as the singular present indicative of the verb "be." *See* VIII OXFORD ENGLISH DICTIONARY 104 (2d ed. 1989). "Be" is defined, inter alia, as "[t]o have or take

---

[2]Another unrelated section 651.005 was also enacted by the 76th Texas Legislature. *See* Act of May 11, 1999, 76th Leg., R.S., ch. 279, § 1, 1999 Tex. Gen. Laws 1147, 1148.

place in the world of fact, to exist, occur, happen"; or again, as "[t]o come into existence, come about, happen, occur, take place, be acted or done." II *id.* at 3. As the court said in *Raines v. Sugg*, 930 S.W.2d 912, 913 (Tex. App–Fort Worth 1996, no writ), "[w]hen [the language of] a statute is clear and unambiguous, no construction by the court is necessary," and its plain meaning must be given effect. It is difficult to imagine a word whose common usage and plain meaning are clearer and less ambiguous than the word "is."

Furthermore, section 311.012 of the Government Code provides that "[w]ords in the present tense include the future tense." TEX. GOV'T CODE ANN. § 311.012(a) (Vernon 1998). On the basis of the common legal maxim known as *expressio unius est exclusio alterius*, which signifies that the mention or enumeration of one person, thing, consequence, or class is tantamount to an express exclusion of all others, section 311.012 implies that words in the present tense *exclude* other tenses, including the past tense. *See State v. Mauritz-Wells Co.*, 175 S.W.2d 238, 241 (Tex. 1943) ("It is a settled rule that the express mention or enumeration of one . . . thing . . . is equivalent to an express exclusion of all others."); *Texas Real Estate Comm'n v. Century 21 Sec. Realty, Inc.*, 598 S.W.2d 920, 922 (Tex. Civ. App.–El Paso 1980, writ ref'd n.r.e.) (defining *expressio unius est exclusio alterius*); *Harris County v. Dowlearn*, 489 S.W.2d 140, 146 (Tex. Civ. App.–Houston [14th Dist.] 1972, writ ref'd n.r.e.) ("The express mention or enumeration of one thing . . . is equal to an express exclusion of all others."). Thus, we conclude that "is" for purposes of section 651.005 does not include "was."

In our opinion, it is clear, both from the plain meaning of the word "is," and from the obvious contrast with the language of the federal statute, that section 651.005 applies only to those males who are at least eighteen years of age but less than twenty-six years of age at the time of their consideration for state employment. Only those individuals must furnish proof of selective service registration or exemption therefrom as a condition of state employment.

## S U M M A R Y

Section 651.005 of the Government Code requires only those males who are between the ages of eighteen and twenty-five years inclusive to furnish proof of either selective service registration or exemption therefrom as a condition of state employment.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee