# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-04-00199-CV

Tony Wilson, Appellant

v.

William B. "Tex" Bloys, Appellee[1]

FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT
NO. 2001-086, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING

O P I N I O N

This is an appeal from a final summary judgment denying appellant Tony Wilson's motion for reimbursement from the Real Estate Recovery Trust Account (the Account). *See* Tex. Occ. Code Ann. §§ 1101.601-.658 (West 2004).[2] On appeal, we consider whether a default judgment based on pleadings that do not explicitly mention any of the statutory grounds for recovery from the Account can impliedly support recovery from the Account. For the reasons stated below, we will affirm the judgment of the district court.

---

[1] The Attorney General, on behalf of the Real Estate Commission, has also filed a brief in support of the judgment below.

[2] This case was litigated under former article 6573a of the revised civil statutes, which has since been codified in the occupations code. *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1421, § 2, secs. 1101.601-.658, § 13(a), 2001 Tex. Gen. Laws 4570, 4677-84, 5020. The parties do not suggest that there are any differences between these provisions that are relevant to this appeal. For ease of reference, we will cite the codified version.

**BACKGROUND**

In 1975, the legislature created the Account and charged the Real Estate Commission with its maintenance and administration. The purpose of the Account is to "guarantee the fidelity and honesty of the real estate salesman in his dealings with the public and to insure and indemnify any member of the public against damages or injury caused by a violation of the Act." *State v. Pace*, 640 S.W.2d 432, 433 (Tex. App.—Beaumont 1982) (quoting *Texas Real Estate Comm'n v. Century 21*, 598 S.W.2d 920, 923 (Tex. Civ. App.—El Paso 1980, writ ref'd n.r.e.)), *aff'd*, 650 S.W.2d 64 (Tex. 1983). Simply put, a person who obtains a judgment for actual damages caused by the misconduct of real estate license holders can, when certain specified statutory conditions are met, obtain reimbursement from the Account if the license holder is unable to pay the judgment. Tex. Occ. Code Ann. § 1101.601. Among the statutory conditions for recovery from the Account, the person's judgment against the license holder must have been predicated on facts constituting fraud or misrepresentation. *See id.* § 1101.606.[3]

The facts relevant to this appeal are not in dispute. Don Ray George owned a 431-acre tract in McCulloch County. In September 1999, he sold 218 acres to appellee, William B. "Tex" Bloys, but retained a vendor's lien on that property to secure a promissory note from Bloys in the amount of $147,307.95. In the spring of 2000, Bloys offered to sell to Wilson his 218 acres and, acting as George's agent, George's remaining 213-acre tract. Wilson paid cash for George's 213-acre tract. He then made a cash down payment for the 218-acre tract and agreed to assume

---

[3] Recovery is permitted if the judgment is based on facts constituting any of a range of specified wrongful acts. *See* Tex. Occ. Code Ann. § 1101.602 (West 2004). Wilson relies on fraud and misrepresentation.

2

Bloys's obligation under the note owned by George. On May 27, 2000, Wilson conveyed a $10,000 loan to Bloys memorialized in another promissory note. According to the terms of the note, the purpose of the loan was to "pay off Don Ray George settlement on sale of a 213 acre and a 218 acre tract which Mr. Tex Bloys sold to Tony Wilson and to provide Tony Wilson with two policies of title insurance on both tracts."[4]

Bloys failed to repay the loan according to its terms. Wilson filed suit on August 2, 2001, seeking a judgment against Bloys for $9,200, the unpaid amount of the loan, plus interest and attorney's fees. Wilson attached to his pleading a copy of the promissory note and a letter to Bloys demanding payment. The pleading and the letter allege a failure to repay the loan, but there is no mention of fraud, misrepresentation, or similar misconduct. After Bloys failed to answer or appear, Wilson took a default judgment on September 13, 2001.[5]

A writ of execution was issued against Bloys on the default judgment. The writ was delivered to Bloys on November 29, 2001, but Bloys refused to pay as demanded. The writ was returned *nulla bona* to Wilson's attorney—that is, there was no seizable property within the jurisdiction and the judgment was not fulfilled. *See id*. § 1101.606.

On May 8, 2003, Wilson filed a motion in district court for reimbursement from the Account in the amount of $13,666.60,[6] together with any further post-judgment interest that would accrue. *See id*. § 1101.601. In response, Bloys filed a traditional motion for summary judgment,

---

[4] The circumstances surrounding the loan are disputed, but we need not resolve them to decide this appeal.

[5] The district court awarded Wilson a total of $10,711.12 in damages.

[6] This amount reflects the original judgment plus post-judgment interest.

arguing that Wilson could not, as a matter of law, recover from the Account because his judgment against Bloys was not based on any fraud or misrepresentation. *See id*. §§ 1101.602, .606. Bloys also argued that the statute of limitations barred Wilson's reimbursement claim because Wilson's motion was filed beyond the two-year statutory limitations period for such claims. *See id*. § 1101.605.

The district court granted summary judgment denying Wilson's motion for reimbursement from the Account. This appeal followed.

## DISCUSSION

Wilson brings three issues on appeal. He first asserts that his default judgment supports his recovery from the Account because his underlying pleadings sufficiently allege fraud and misrepresentation. Second, he argues that the remedial nature of the statute compels this Court to imply a finding of fraud or misrepresentation in the default judgment. Finally, he argues that the statute of limitations did not bar his claim for reimbursement from the Account.

### *Standards of review*

Because the propriety of a summary judgment is a question of law, we review the district court's decision *de novo*. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). The standards for reviewing traditional summary judgments are well established: (1) the movant has the burden of showing that no genuine issue of material fact exists and entitlement to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable

4

inference must be indulged, and any doubts resolved, in favor of the nonmovant. Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). We affirm if summary judgment is warranted on any ground asserted to the trial court. Tex. R. Civ. P. 166a(c); *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996). A defendant, when moving for summary judgment, need disprove only one essential element of the opponent's cause of action to prevail. *Elliott-Williams Co. v. Diaz*, 9 S.W.3d 801, 803 (Tex. 1999).

This case requires us to interpret the language of the Real Estate Recovery Act. Statutory construction is a question of law, which we also review *de novo*. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989). When interpreting a statute, our primary task is to ascertain and effectuate the intent of the legislature. *Fleming Foods of Tex. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999); *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex. 1994); *Sharp v. Clearview Cable TV, Inc.*, 960 S.W.2d 424, 426 (Tex. App.—Austin 1998, pet. denied). When a statute is clear and unambiguous, we are to enforce the plain meaning of the statute. *Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 363 (Tex. 2000). Further, we read every word, phrase, and expression in a statute as if it were deliberately chosen and presume the words excluded from the statute are done so purposefully. *See Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist.*, 81 S.W.3d 869, 873 (Tex. App.—Austin 2002, pet. denied); *City of Austin v. Quick*, 930 S.W.2d 678, 687 (Tex. App.—Austin 1996) (citing *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981)), *aff'd*; *Quick v. City of Austin*, 7 S.W.3d 109, (Tex. 1999); *see also* 2A Norman J. Singer, *Sutherland Statutory Construction* § 47.25 (6th ed. 2000). In ascertaining legislative intent, we may consider the evil sought to be remedied, the legislative history, and the consequences of a

particular construction. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998).

### *Scope of underlying pleadings*

In his first issue, Wilson argues that the district court erred in granting summary judgment because his default judgment was predicated upon allegations of fraud or misrepresentation sufficient to entitle him to recover from the Account. Specifically, Wilson relies on the fact that the promissory note, which was attached to and incorporated in his petition, stated the purposes of the loan. Although none of these assertions are contained in his petition, Wilson urges that the statement of purpose in the note was inaccurate and fraudulent and had induced him to enter into the loan. From this, Wilson extrapolates that his petition sufficiently alleged fraud and misrepresentation.

A default judgment must be supported by a petition that states a cause of action. *Fairdale Ltd. v. Sellers*, 651 S.W.2d 725, 725 (Tex. 1982). When a no-answer default judgment is taken, the non-answering party is deemed to admit all allegations of fact that were properly pleaded. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979); *Fleming Mfg. Co. v. Capitol Brick, Inc.*, 734 S.W.2d 405, 408 (Tex. App.—Austin 1987, writ ref'd n.r.e.).

When determining whether a pleading properly includes an allegation, we must look at the pleading from the perspective of the person against whom the pleading is made. *Erisman v. Thompson*, 167 S.W.2d 731, 733 (Tex. 1943). The purpose of a pleading is to provide the defendant with fair notice of the cause of action and character of evidence that will be raised at trial. *Sellers*, 651 S.W.2d at 725; *Erisman*, 167 S.W.2d at 733; *Caruso v. Krieger*, 698 S.W.2d 760, 762 (Tex. App.—Austin 1985, no writ). This has the intended effect of defining the issues that will be heard.

6

*Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex. 1982); *Safety Cas. Co. v. Wright*, 160 S.W.2d 238, 245 (Tex. 1942). Furthermore, when determining whether a cause of action has been pleaded, we must be able to determine from the pleadings alone the elements of the cause of action. *Sellers*, 651 S.W.2d at 725.

In this case, Wilson pleaded the following:

On or about May 27, 2000, William B. "Tex" Bloys ("Bloys"), as maker, signed and delivered to Tony Wilson ("Wilson"), as payee, a promissory note ("Note") wherein Bloys promised to pay to the order of Wilson a principal sum of Ten Thousand Dollars ($10,000) plus interest. A true and accurate copy of the Note is attached hereto as Exhibit "A" and incorporated herein by reference for all purposes. Wilson holds the Note; Wilson owns the Note; the Note is in default.

Wilson has demanded Bloys pay the Note in-full. Attached hereto as Exhibit "B", and incorporated herein by reference for all purposes, is a true and accurate copy of a letter to Bloys demanding payment of the Note. Despite such demand, Bloys has not paid the Note in-full. Under the Note there is now due, owing, and unpaid Wilson a principal amount of $9,200.00 for which sum, plus pre-judgment interest thereon, Wilson herein sues Bloys and seeks recovery.

This pleading alleges only that a promissory note was created and that the promissory note's terms were not met. There are no references to fraud, misrepresentation, or similar conduct.

As referenced in the pleading, Wilson attached both the promissory note and a letter from his counsel. The letter merely demands payment on the note. The note, as previously observed, includes language that purports to establish the purpose of the loan. Although Wilson now claims that Bloys engaged in fraud or misrepresentation when he agreed to that language, the pleadings contain no such allegation, nor is the purpose language even mentioned as giving rise to the cause of action. Rather, the pleading establishes a cause of action based only on a failure to

comply with the terms of the note, not that the note was entered into as a result of fraud or misrepresentation. Reading the pleading from the perspective of Bloys, we find that Bloys was not given fair notice as to any claims of fraud or misrepresentation. Bloys received notice only about the claim against him for failing to fulfill the payment terms of the promissory note.

The original default judgment was thus not predicated upon any findings or allegations of fraud or misrepresentation but solely on Bloys's failure to pay according to the terms of the promissory note. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). We accordingly overrule Wilson's first issue.

### *Statutory construction*

In his second issue, Wilson urges that because the legislature created the Account to serve a remedial function, we should construe the default judgment in this case to reflect findings of fraud and misrepresentation. Wilson contends that our preceding application of Texas law regarding default judgments would frustrate the legislature's intent by encouraging real estate license holders to conceal the fraudulent nature of their acts until after a default judgment has been entered in order to deny aggrieved persons recovery from the Account.

We agree with Wilson's observation that the legislature intended the statute governing the Account to ensure the honesty of real estate license holders. *See Pace*, 640 S.W.2d at 433. However, to effectuate that policy goal, the legislature has established a clear and unambiguous procedure governing claims for recovery from the Account. *See* Tex. Occ. Code Ann. § 1101.606. In particular, it has required that an aggrieved person can obtain reimbursement from the Account for a license holder's fraud or misrepresentation only if the person (1) had obtained a judgment

8

against the license holder for a prohibited act; (2) attempts execution on the judgment, which is returned *nulla bona*; (3) files a claim for reimbursement from the account in the court that entered judgment; and (4) at a hearing on this claim for reimbursement, shows that the judgment was based on facts establishing fraud or misrepresentation. *Id*. §§ 1101.606(a), .607(a).[7] The Real Estate Commission, but not any private party, is then empowered to "relitigate" in a hearing any relevant issue that was determined in the action that resulted in the judgment on which the reimbursement claim is predicated. *Id*. § 1101.608(c).

This statutory scheme evinces the legislature's intent that the parties adjudicate any facts and issues related to fraud or misrepresentation in the underlying action, not in connection with subsequent claims for reimbursement from the Account. Although the Commission may relitigate relevant issues upon application, Wilson never presented *any* claim for fraud or misrepresentation in the original action. Thus, as we have found, the default judgment in Wilson's original suit does not incorporate any finding of fraud or misrepresentation. We cannot, in the guise of following the legislature's broad policy objectives underlying the statute, ignore its clear and comprehensive command that a claim on the Account must be based on a judgment that incorporates a finding of fraud or misrepresentation, nor can we judicially rewrite the statute to that end. We overrule Wilson's second issue.[8]

---

[7] The previous statute also provided for this procedure, requiring that the original judgment be "on the grounds" of fraud or misrepresentation and that the "aggrieved person is required to show that . . . the judgment is based on" those facts. Act of May 28, 1997, 75th Leg., R.S., ch. 1177, § 6, secs. 8(e), (f)(1), 1997 Tex. Gen. Laws 4526, 4528-29.

[8] Because our findings on Wilson's first and second issues are dispositive, we need not reach Wilson's third issue.

**CONCLUSION**

Having concluded that Wilson's default judgment is not based upon findings or allegations of fraud or misrepresentation, we affirm the district court's grant of summary judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   June 23, 2005