# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00529-CV

**Tony Wilson, Appellant**

**v.**

**William B. "Tex" Bloys, Verda Raye Bloys, and Texas Real Estate Commission, Appellees**

### FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT NO. 2002087, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order denying Tony Wilson's request for compensation from the Real Estate Recovery Trust Account (the Account). *See* Tex. Occ. Code Ann. §§ 1101.601-.658 (West 2004 & Supp. 2005). The Account compensates persons who are unable to collect from a licensed real estate broker for judgment awards based on specified types of wrongdoing. Wilson contends that, although there are no express findings of the requisite actions by William B. "Tex" Bloys, the existing findings and underlying facts support his recovery from the Account. We affirm the district court's denial of his request.

Wilson's claim arises from a series of transactions he had with Bloys and his wife, Verda Raye Bloys, concerning adjoining tracts of land. Some of these transactions were discussed in a previous opinion of this Court. *Wilson v. Bloys*, 169 S.W.3d 364, 366-67 (Tex. App.—Austin

2005, pet. denied). In that case, Wilson was denied compensation from the Account pursuant to a default judgment based on Bloys's failure to repay a loan from Wilson.

This appeal arises from disputes concerning a separate agreement between Wilson and the Bloyses. In an agreement drafted by Bloys, Wilson leased land to Bloys and his wife and conferred a right for them to buy a tract of land. The relationship dissolved into conflict over the parties' behavior and their rights under the agreement. The Bloyses filed suit against Wilson, seeking an injunction preventing him from interfering with their use of the land, recovery for improvements made to the real estate, and other relief. Wilson counterclaimed, requesting a declaration that the Bloyses had no right or title to any part of the land covered by the agreement. He complained that the Bloyses trespassed upon and refused to vacate his land, attempted to obstruct access to his land, took his hay, disconnected a pipe providing water to his animals, constructed deer stands and hunted his land in violation of a court order, and interfered with and assaulted his employees, guests, and livestock. Wilson requested damages for their actions and an injunction against further such activities.

After a nonjury trial, the district court ruled largely in Wilson's favor, making several findings and conclusions in support of that judgment. The district court found that the contract did not contain language creating or granting an option, did not specify what land was included in any option, and did not create a severable agreement as to the purchase option. The court also found that the Bloyses failed to insure the premises, pay the taxes, or pay the rent as required by the contract. The court concluded that the contract did not reflect a meeting of the minds, that the parties' intent is not apparent from the document, that the document should be interpreted in Wilson's favor

2

because Bloys, a real estate agent, drafted it, and that the contract was vague, void, and no longer in effect. The district court also declared that the Bloyses had no legal or equitable interest in the property. The court permanently enjoined the Bloyses from harassing, injuring, or killing Wilson's livestock, and from harassing or threatening him. The court ordered the Bloyses to remove their manufactured home from the land, and barred them from removing anything affixed to the land or a house on the land. The court awarded Wilson $10,000 in attorney's fees for the trial, $5000 in the event of appeal, and $5000 in the event of petition for review to the Texas Supreme Court. This Court affirmed the judgment, *Bloys v. Wilson*, No. 03-03-00193-CV, 2004 WL 162974 (Tex. App.—Austin Jan. 29, 2004, pet. denied) (mem. op.), and the supreme court denied the Bloyses' petition for review.

Wilson collected only $15,000 of the $20,000 owed to him under this judgment. He `then requested payment from the Account for the $5000 balance of the judgment. The district court denied his request, and he brings this appeal.

Wilson argues that the district court erred in failing to order that he was entitled to recovery from the Account.[1] Wilson asserts that he is entitled to recover from the Account because the judgment in the underlying cause of action is based on findings of fact and conclusions of law that demonstrate misrepresentation, dishonesty, or fraud by Bloys.

---

[1] Wilson also argues that his request for recovery from the Account was not barred by the statute of limitations. Because limitations was not a basis of the order denying him recovery, resolving that issue would not affect our resolution of the case. Accordingly, we will not address the merits of this contention.

We review the court's denial of Wilson's application as if it were a nonjury trial in which no findings of fact or conclusions of law were filed or requested, implying all necessary findings and conclusions to support the order. *See Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989). We review Wilson's issue as a challenge to the legal and factual sufficiency of the evidence to support the court's order, using the same standards that apply to jury findings. *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). In reviewing the legal sufficiency of the evidence, we view the evidence in the light favorable to the verdict, crediting favorable evidence that a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). Evidence is legally insufficient when there is a complete absence of evidence of vital fact, the evidence offered to prove that fact is no more than a mere scintilla, or the evidence conclusively establishes the opposite. *See Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997). In reviewing a factual insufficiency point, we consider, weigh, and examine all the evidence presented at trial. *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989). We set aside a finding for factual insufficiency if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).

Wilson's theory of recovery from the Account required that he prove that he: (1) obtained a judgment against Bloys based on facts showing that Bloys engaged in an act permitting recovery, such as misrepresentation, dishonesty, or fraud when leasing property in Bloys's name; (2) attempted execution on the judgment, which was returned nulla bona; (3) perfected a judgment lien and filed, in the court that rendered judgment, a claim for reimbursement from the

4

Account; and (4) at a hearing on this claim for reimbursement, showed that the judgment was based on facts establishing fraud or misrepresentation. *See* Tex. Occ. Code Ann. §§ 1101.606(a), .607(a), 1101.652(a)(3) (West 2004 & Supp. 2005); *see also Wilson*, 169 S.W.3d at 370. The record undisputedly establishes the second and third elements. The first and fourth are contested.

This appeal is similar to the previous appeal in which we affirmed the district court's rejection of the claim for payment from the Account. *See Wilson*, 169 S.W.3d at 364. In that suit for payment on a loan, Wilson obtained the underlying judgment by default without obtaining any express findings of fraud, dishonesty, or misrepresentation. *See Wilson*, 169 S.W.3d at 367-69; *see also Wilson v. Bloys*, No. 2001086 (198th Dist. Ct., McCulloch County, Tex. September 28, 2001). After the district court denied him recovery from the Account, Wilson asked this Court to infer a finding of fraud or misrepresentation in the default judgment. *Wilson*, 169 S.W.3d at 367. This Court concluded that, although Wilson's demand letter and pleading alleged a failure to repay the loan, he did not mention fraud, misrepresentation, or dishonesty in either document. *Id*. This Court affirmed the denial of payment from the Account, holding that "we cannot, in the guise of following the legislature's broad policy objectives underlying the statute, ignore its clear and comprehensive command that a claim on the Account must be based on a judgment that incorporates a finding of fraud or misrepresentation, nor can we judicially rewrite the statute to that end." *Id.* at 370.

In this cause, although there are no express findings of misrepresentation, dishonesty, or fraud supporting the judgment, Wilson asks this Court to find that the judgment is based upon facts showing these elements. In requesting recovery at the district court from the Account, Wilson alleged that Bloys's dishonesty and misrepresentation became apparent when he filed the underlying

5

suit. Wilson alleged that Bloys (1) "falsely and fraudulently" represented to the court that the agreement contained a drawing identifying the 57 acres on which he claimed to have a purchase option, and (2) filed a supersedeas bond that Bloys knew or should have known that he would not be able to pay, enabling Bloys to retain possession of the land "wrongfully and fraudulently." Wilson alleged that Bloys's "misrepresentation and dishonest conduct was an integral part of his fraudulent scheme to swindle Wilson while selling and pretending to lease real property in his own name . . . ." On appeal, Wilson cites as proof of the requisite bad acts the district court's findings that Bloys did not attach a diagram of the acres subject to the purchase option, that Bloys wrote the agreement, and that Wilson relied upon Bloys to explain the agreement. Wilson argues that Bloys committed forgery by attaching a diagram after the contract was executed, committing criminal mischief by damaging Wilson's property, and failed to pay rent while wrongfully remaining on the land. Wilson argues that the criminal actions are fraudulent, misstatements about the meaning of the contract are misrepresentations, and Bloys's filing of the suit on a forged document is dishonest.

We conclude that Wilson did not allege or prove that the underlying judgment was based on facts showing that he is entitled to recover from the Account. In the underlying suit, he alleged conduct that is wrongful, harassing, and destructive but not necessarily fraudulent or dishonest. In the underlying judgment and supporting findings and conclusions, the district court found miscommunication, inadequate drafting, and various misdeeds, but did not find fraud, dishonesty, or misrepresentation. Wilson's allegations in support of his request for recovery from the Account that Bloys was attempting to swindle him go beyond the allegations and basis for the judgment in the underlying suit, and do not show that the underlying judgment was based on facts

6

supporting recovery from the Account. Nor do Wilson's allegations that Bloys acted dishonestly and fraudulently when filing the underlying suit show that the judgment in that suit was based on facts showing Bloys behaved deceitfully when leasing the property. Because there is no evidence that the underlying judgment was based on facts showing that Bloys committed "misrepresentation, dishonesty, or fraud when selling, buying, trading, or leasing real property," the record supports the district court's failure to find Wilson entitled to recover from the Account. *See* Tex. Occ. Code Ann. §§ 1101.607, 1101.652(a)(3).

We affirm the district court's order denying Wilson recovery from the Account.


_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   June 16, 2006

7