# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-10-00508-CV
---

**John Irwin, Appellant**

**v.**

**Salim Salem and Parkfield Plaza Partners, LLC, Appellees**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
NO. D-1-GN-10-002801, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**
---
**&**

---
## NO. 03-10-00509-CV
---

**John Irwin, Appellant**

**v.**

**Frank Prewitt; Wes Walters Realty, Inc.; and Roger Brasser, Appellees**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
NO. D-1-GN-08-004607, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**
---

## M E M O R A N D U M   O P I N I O N

Appellant John Irwin sued appellees Salim Salem, Parkfield Plaza Partners, LLC

("Parkfield"), Roger Brasser, Frank Prewitt, and Wes Walters Realty, Inc.,[1] seeking damages for

---

[1] We will refer to Parkfield and Salem jointly as "the Parkfield defendants" and to Brasser, Prewitt, and Wes Walters Realty as "the Brasser defendants."

breach of contract, violations of the Texas Deceptive Trade Practices Act, *see* Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 2011) ("DTPA"), and violations of section 27.01 of the business and commerce code, *see id.* § 27.01 (West 2009) ("Fraud in Real Estate and Stock Transactions"). The trial court granted summary judgment in favor of appellees, and Irwin appealed. We affirm the trial court's orders granting summary judgment.

In his petition, Irwin stated that after he closed a bar he had operated due to a rent increase, he sought a new location in which to open another bar.[2] He found a unit, the property in question, and negotiated a lease with Prewitt, a realtor with Wes Walters Realty, which managed the property for Brasser, the landlord. Prewitt told Irwin that the property had been used by the previous tenant as a bar and grill, and the lease specified that Irwin was going to use the property as a bar. Relying on the Brasser defendants' assurances that the property could be used for a bar, Irwin signed a lease in late December 2004, ordered equipment, hired employees, and made a number of improvements to the property. However, his application for a liquor license was denied, and he learned that the property was not zoned for a bar. According to Irwin, the former tenants who had operated the bar and grill in the property had unsuccessfully sought to have the property re-zoned for a bar, and the Brasser defendants knew about the re-zoning application and knowingly misrepresented to Irwin that the property could be used as a bar. Shortly before Irwin signed his lease, the Brasser defendants negotiated the sale of the property to the Parkfield defendants. In June 2005, Irwin tried to sublet the property, but the Parkfield defendants refused to allow it.

---

[2] Irwin represented himself pro se from December 2008, when he filed his petition, until March 2010, when his attorney made his first appearance.

2

Sometime in 2005, they initiated eviction proceedings against him. Irwin asserted claims against all the defendants for breach of contract and violations of the DTPA and section 27.01.

The Parkfield defendants filed a no-evidence motion for summary judgment asserting that sufficient time for discovery had passed[3] and that there was no evidence of a contract between them and Irwin, and therefore, no basis for his claims against them. They specifically alleged that there was no evidence of a contract between them and Irwin, that they breached any such contract, that Irwin performed under or was harmed by their breach of any such contract, that they made any misrepresentations to induce Irwin into signing the lease, or that they wrongfully evicted Irwin. They also asserted that Irwin had not pled facts that could provide a basis for recovery under section 27.01. Irwin did not respond to the Parkfield defendants' no-evidence motion. The trial court granted the motion and dismissed Irwin's claims against the Parkfield defendants. The court then severed those claims into a separate cause number (trial court cause number D-1-GN-10-002801, our cause number 03-10-00508-CV).

Shortly after the court dismissed Irwin's claims against the Parkfield defendants, the Brasser defendants filed two motions for summary judgment—a "traditional" motion, to which they attached as evidence Irwin's lease and an affidavit by Wes Walters, and a no-evidence motion. In their "traditional" motion, the Brasser defendants argued that the lease "explicitly disclaims any particular use of the Premises and offers no warranty, guaranty or fitness for a particular purpose."

---

[3] In their motion for summary judgment, the Parkfield defendants stated that they had sent discovery requests to Irwin in early April 2009, but that he did not respond until July and then only to their request for disclosures. Despite two orders granting Salem's motions to compel, as of May 2010, Irwin had not responded to a request for production of documents, nor had he responded to discovery requests filed by the Brasser defendants.

3

They contended that there was no evidence that Irwin had a contract with Prewitt or Wes Walters Realty, Irwin provided notice as required by the lease such that he could assert a claim for breach of contract, or the Brasser defendants breached the lease contract. They also asserted that Irwin's negligence caused his application for a liquor license to be denied, noting that the tenants immediately before and after Irwin were able to operate the property as a restaurant and bar. Finally, the Brasser defendants argued that because the contract with Irwin was a lease, not a contract for the sale of real estate or stock, section 27.01 did not apply.

In their no-evidence motion, the Brasser defendants similarly asserted that there was no evidence of a contract between Irwin and Prewitt or Wes Walters Realty, that Irwin complied with the lease's notice requirements that would allow him to sue on the lease, that the Brasser defendants breached any provision of the contract, or that any such breach harmed Irwin. The Brasser defendants argued that Irwin could point to no evidence to support the required elements of a DTPA claim or a claim under section 27.01. Irwin did not respond to the Brasser defendants' motions, and the trial court signed two orders, one granting the traditional motion for summary judgment and the other granting the no-evidence motion.

On appeal, Irwin argues that the lease attached to the Brasser defendants' motion for traditional summary judgment was not properly authenticated and that Walters's affidavit was conclusory. He also argues that the Parkfield defendants' motion for summary judgment did not negate Irwin's claim for unjust enrichment.

With regard to his claims against the Brasser defendants, even if we agreed with Irwin's arguments that their summary-judgment evidence was incompetent, Irwin did not respond to their no-evidence motion, and the trial court signed orders granting *both* the traditional and the

4

no-evidence motions. Thus, even if we were to reverse the order granting the traditional motion, Irwin has presented no basis on which we could consider reversing the order granting summary judgment on grounds that Irwin could not provide evidence to support one or more essential elements of each of his claims. *See* Tex. R. Civ. P. 166a(i) ("The court must grant the [no-evidence] motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."). Because there are alternative grounds supporting the trial court's dismissal of Irwin's claims against the Brasser defendants, we need not address Irwin's first and second points of error related to their traditional motion. *See First Am. Title Ins. Co. v. Strayhorn*, 169 S.W.3d 298, 303 (Tex. App.—Austin 2005), *aff'd*, *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627 (Tex. 2008) ("if the appellants fail to negate each ground on which the judgment may have been rendered, we must uphold the summary judgment").

As for Irwin's claims against the Parkfield defendants, he claims that the Parkfield defendants failed to negate his claim for unjust enrichment. The Parkfield defendants respond that Irwin did not plead unjust enrichment as a cause of action. We agree.

A petition must state, in plain and concise language, the causes of action asserted and must give the defendant "fair notice," when the plaintiff's allegations are considered as a whole. Tex. R. Civ. P. 45(b). In determining whether a petition sufficiently pleads a cause of action, we view the petition from the defendant's perspective and ask whether the defendant was given fair notice of the claim. *Wilson v. Bloys*, 169 S.W.3d 364, 369 (Tex. App.—Austin 2005, pet. denied). "[W]hen determining whether a cause of action has been pleaded, we must be able to determine from the pleadings alone the elements of the cause of action." *Id.* (citing *Fairdale Ltd. v. Sellers*, 651 S.W.2d 725, 725 (Tex. 1982)).

5

In his original petition, Irwin stated that he was suing for breach of contract, DTPA violations, and article 27.01 violations. He never alluded to unjust enrichment as a cause of action. Indeed, as noted by the Parkfield defendants, "unjust enrichment" was mentioned only once in Irwin's petition, in his Facts section, when he asserted that the Parkfield defendants wrongly blocked his attempts to sublet the property, saying, "This was done with malice and intent to unjustly enrich themselves, keeping the improvements that [Irwin] provided to the facility." This passing reference did not give the Parkfield defendants "fair notice of the claim involved." *See* Tex. R. Civ. P. 45(b). In the portion of his petition listing the causes of actions he was asserting, Irwin did not mention unjust enrichment but did list three other specific causes of action. And after the Parkfield defendants filed their motion for summary judgment, Irwin never responded in any way to draw their notice to a purported claim of unjust enrichment. We hold that, when read from their perspective, Irwin's petition did not give the Parkfield defendants fair notice that he was asserting a claim for unjust enrichment. *See Wilson*, 169 S.W.3d at 369. We overrule Irwin's third point of error.

Having overruled Irwin's third point and determined that we need not reach his first two points, we affirm the trial court's orders granting summary judgment in favor of appellees.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: August 31, 2011

6