

# NUMBER 13-23-00563-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RENT TO OWN, LLC,** Appellant,

**v.**

**CR-FED LEASING, LLC,** Appellee.

---

## ON APPEAL FROM THE 131ST DISRTICT COURT
## OF BEXAR COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Benavides**

This is a restricted appeal from a no-answer default judgment awarding appellee CR-FED Leasing, LLC unliquidated damages on its claims for breach of contract and conversion against appellant Rent to Own, LLC. Rent to Own argues that the judgment should be set aside for two reasons: (1) Rent to Own's liability was never established

because the petition failed to state a cause of action or give Rent to Own fair notice of CR-FED Leasing's claims; and (2) the evidence presented by CR-FED Leasing was legally insufficient to support the award of unliquidated damages.[1] We affirm.[2]

## I. BACKGROUND

On April 4, 2023, CR-FED Leasing, a foreign limited liability company doing business in Texas, filed suit against Rent to Own for breach of contract and conversion arising from two commercial transactions. According to CR-FED Leasing's petition, "Rent to Own is in the business of buying, selling, and renting commercial construction equipment." Regarding the first transaction, CR-FED Leasing alleged that, in May 2022,

---

[1] We have reordered Rent to Own's issues so that we may first address the issue that would afford it the greatest relief. *See Bradley's Elec., Inc. v. Cigna Lloyds Ins.*, 995 S.W.2d 675, 677 (Tex. 1999). On appeal, a no-answer default judgment predicated on an inadequate petition results in a complete reversal, whereas a failure to prove unliquidated damages only entitles the appellant to a new trial on damages. *Compare Fairdale Ltd. v. Sellers*, 651 S.W.2d 725, 726 (Tex. 1982) (setting aside a default judgment and remanding for a new trial because "the petition does not state a cause of action"), *with Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992) ("[W]hen an appellate court sustains a no evidence point after an *uncontested* hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for a new trial on the issue of unliquidated damages."), *and Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam) (reaffirming the rule announced in *Holt Atherton*).

Further, although Rent to Own labels its second issue as both a legal and factual sufficiency challenge, the only argument it has presented on appeal is a no-evidence challenge—i.e., the evidence was not legally sufficient to support the damage award. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005) (stating that "the test for legal sufficiency" is the same as "appellate no-evidence review"). For example, Rent to Own contends that the CE-FED Leasing's affidavit supporting its damage claim was merely conclusory and therefore not competent evidence of unliquidated damages. *See Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 231, 232 (Tex. 2004) (collecting cases for the proposition that conclusory testimony is not legally sufficient to support a judgment). Rent to Own has not pointed to any disputed evidence in the record that was contrary to the damage award or otherwise explained how the affidavit was factually, as opposed to legally, insufficient to support the award. *See In re Commitment of Stoddard*, 619 S.W.3d 665, 674 (Tex. 2020) ("The distinction between [legal and factual sufficiency] review 'lies in the extent to which disputed evidence contrary to a finding may be considered.'" (quoting *In re A.C.*, 560 S.W.3d 624, 630 (Tex. 2018))). Accordingly, we limit our review to whether the evidence was legally sufficient to support the damage award. *See* TEX. R. APP. P. 38.1(i).

[2] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. Hence, we apply the precedent of the San Antonio Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

2

it entered into an agreement with Rent to Own whereby Rent to Own agreed to act as CR-FED Leasing's agent by selling its 2015 compact skid steer to Atomic Transport, LLC for $25,100, plus tax, and delivering the sale proceeds to CR-FED Leasing in Bexar County, Texas. CR-FED Leasing further alleged that Rent to Own sold the piece of equipment to Atomic Transport as contemplated by their agreement but failed to turn over the sale proceeds and sales tax (totaling $27,547.25) despite CR-FED Leasing's demand for payment. CR-FED Leasing claimed that Rent to Own's failure to tender the funds breached their agreement "and/or" amounted to conversion of the sale proceeds.

As to the second transaction, CR-FED Leasing alleged that it entered a sales agreement with Rent to Own in June 2022 whereby Rent to Own agreed to purchase a 2017 Kubota SVL75-2 from CR-FED Leasing for $29,500, plus tax, for a total purchase price of $32,376. CR-FED Leasing alleged that Rent to Own took possession of the equipment but, despite CR-FED Leasing's demand for payment, Rent to Own failed to pay CR-FED Leasing any part of the sales price. Like the first transaction, CR-FED Leasing claimed that Rent to Own had breached their purchase agreement "and/or" converted the equipment. CR-FED Leasing further alleged that all conditions precedent had been satisfied or waived by Rent to Own. CR-FED Leasing prayed for actual damages, attorney's fees, pre- and post-judgment interest, and court costs. There were no written agreements attached to the petition.

Rent to Own was served with a citation and copy of the petition on April 12, 2023, but failed to file an answer. On June 12, 2023, CR-FED Leasing filed a "Plaintiff's Servicemember's Affidavit," a "Certificate of Last Known Mailing Address," and an

3

"Affidavit for Default Damages." The affidavit provides as follows:

1.  My name is Fermin Rajunov. I am over twenty-one years of age, and I am competent to make this Affidavit. I am a representative of Plaintiff, CR-FED LEASING [sic], LLC. I am personally familiar with Rent to Own, LLC, the Defendant in this case.

2.  Rent to Own, LLC owes CR-FED Leasing the total amount of $59,923, which is the sum of (a) $27,547[,] which Rent to [ ] Own, LLC owes CR-FED Leasing for the 2015 compact skid steer loader Rent to Own, LLC sold for CR-FED Leasing but failed to deliver the sale proceeds to CR-FED Leasing; and (b) $32,376[,] which Rent to Own, LLC promised to pay CR-FED Leasing for the 2017 Kubota SVL75-2 referred to in the Petition. Rent to Own, LLC sold the 2015 compact skid steer and never turned over the sale proceeds to CR-FED Leasing. Rent to Own took possession of the 2017 Kubota from CR-FED Leasing, agreeing to pay CR-FED Leasing $32,376 for the Kubota[,] but never did pay CR-FED [Leasing] anything for it. So, the total amount of actual economic damages of CR-FED Leasing is $59,923.

3.  I have read what is stated in this Affidavit, and what its stated in this Affidavit is within my personal knowledge and true and correct.

Rajunov swore to and signed the affidavit before a notary public.

On July 7, 2023, the trial court signed a final judgment in favor of CR-FED Leasing with the following recitals: (1) a hearing was held on the same day that the trial court signed the judgment; (2) CR-FED Leasing appeared through its counsel of record and asked for a no-answer default judgment against Rent to Own; (3) the trial court "reviewed its records in this case"; (4) the return of service in the trial court's records indicated that Rent to Own had been duly served with the citation and petition; (5) the return of service had been on file "for the time required by law"; and (6) Rent to Own had "entirely failed to appear in this case." Based on the forgoing, the trial court "conclude[d] that Rent to Own, LLC has admitted the liability allegations in the Petition, and has liability to Plaintiff, CR-FED Leasing, LLC, as provided in this Final Judgment." The judgment awarded CR-FED

4

Leasing "actual damages, the sum of $59,923[,] with interest to accrue on the unpaid balance of that sum at the rate of eight and one-quarter percent (8.25%) annually until paid in full." The trial court also assessed costs against Rent to Own but did not award attorney's fees to CR-FED Leasing.

In a written notice dated July 26, 2023, the district clerk informed Rent to Own of the default judgment taken against it. On November 27, 2023, Rent to Own filed its notice of restricted appeal. On December 6, 2023, Rent to Own requested the court reporter to prepare a transcript of the default judgment hearing. Thereafter, this Court received notice from the court reporter stating that "no stenographic record was taken" during the default judgment hearing.

## II.  STANDARD OF REVIEW

To prevail on a restricted appeal, the appellant must show: (1) it filed a notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying suit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or a request for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam); *In re B.H.B.*, 336 S.W.3d 303, 305 (Tex. App.—San Antonio 2010, pet. denied). Only the fourth element is contested in this restricted appeal.

## III.  ADEQUACY OF THE PLEADINGS

By its first issue, Rent to Own argues that the default judgment is not supported by the petition because CR-FED Leasing failed to state a cause of action or provide Rent to

5

Own with fair notice of its claims.

## A.     Applicable Law

A default judgment is properly granted if: (1) the plaintiff files a petition that states a cause of action; (2) the petition invokes the trial court's jurisdiction; (3) the petition gives fair notice to the defendant of the claim asserted; and (4) the petition does not disclose any invalidity of the claim on its face. *Elite Door & Trim, Inc. v. Tapia*, 355 S.W.3d 757, 766 (Tex. App.—Dallas 2011, no pet.) (citing *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494 (Tex. 1988)); *see also Household Fin. Corp. III v. DTND Sierra Invs.*, No. 04-13-00033-CV, 2013 WL 5948899, at *3 (Tex. App.—San Antonio Nov. 6, 2013, no pet.) (mem. op.). Because the rendering of a no-answer default judgment conclusively establishes "the defendant's liability on any cause of action properly alleged," *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012), "[a] default judgment must be supported by a petition that [actually] states a cause of action." *Wilson v. Bloys*, 169 S.W.3d 364, 368 (Tex. App.—Austin 2005, pet. denied) (citing *Fairdale Ltd. v. Sellers*, 651 S.W.2d 725, 725 (Tex. 1982)). "This rule is a specific application of the more general principle that a party may not be granted relief in the absence of pleadings to support that relief, unless the request for relief is tried by consent—a situation that cannot occur in the context of a default judgment." *Lynch v. Lynch*, 540 S.W.3d 107, 134–35 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *see also Garcia v. Benavides*, No. 04-19-00451-CV, 2020 WL 214758, at *1 (Tex. App.—San Antonio Jan. 15, 2020, no pet.) (mem. op.).

The "fair notice" pleading standard is "relatively liberal." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). A pleading gives fair notice of the plaintiff's claims if "an opposing attorney of reasonable competence, on review of the pleadings, can ascertain the nature and the basic issues of the controversy." *Elite Door*, 355 S.W.3d at 766; *see* TEX. R. CIV. P. 47(a) (requiring a petition to contain "a short statement of the cause of action sufficient to give fair notice of the claim involved"). "Even the omission of an element is not fatal if the cause of action 'may be reasonably inferred from what is specifically stated.'" *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding) (quoting *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993)).

When alleging that a defendant breached a contract, a plaintiff must prove the following elements: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *Killeen v. Lighthouse Elec. Contractors, L.P.*, 248 S.W.3d 343, 349 (Tex. App.—San Antonio 2007, pet. denied). For the contract to be valid, it must be supported by consideration. *Campbellton Rd., Ltd. v. City of San Antonio*, No. 22-0481, 2024 WL 1590000, at *7 (Tex. Apr. 12, 2024); *Marx v. FDP, L.P.*, 474 S.W.3d 368, 378 (Tex. App.—San Antonio 2015, pet. denied) "A contract that lacks consideration is unenforceable." *Eurecat US, Inc. v Marklund*, 527 S.W.3d 367, 387 (Tex. App.—Houston [14th Dist.] 2017, no pet.). What constitutes consideration is a question of law. *Id.*

A plaintiff may prevail on a claim for conversion if it shows: (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant

7

assumed and exercised dominion and control over the property in an unlawful and unauthorized manner to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused plaintiff's demand for the return of the property. *Liberty Mut. v. Kinser*, 82 S.W.3d 71, 79 (Tex. App.—San Antonio 2002, pet. withdrawn) (citing *Ojeda v. Wal–Mart Stores, Inc.*, 956 S.W.2d 704, 707 (Tex. App.—San Antonio 1997, pet. denied)). "An action for conversion of money will only lie where the money is (1) delivered for safekeeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by its keeper." *Paschal v. Great W. Drilling, Ltd.*, 215 S.W.3d 437, 456 (Tex. App.—Eastland 2006, pet. denied).

**B.     The 2015 Compact Skid Steer**

We agree with Rent to Own that, with respect to the first transaction, CR-FED Leasing failed to state a cause of action for breach of contract. There is no allegation in the petition identifying what, if any, consideration Rent to Own received for selling the 2015 compact skid steer on CR-FED Leasing's behalf. Although CR-FED Leasing alleged that Rent to Own agreed to act as its agent in the transaction, CR-FED Leasing failed to allege what Rent to Own would receive in exchange for performing this service. For example, was Rent to Own entitled to a commission, or did it receive something else of value for performing this service? If a person offers to render a service gratuitously, there is no consideration because there is no corresponding promise to pay for the service. *See Campbell v. Nw. Nat. Life Ins.*, 573 S.W.2d 496, 498 (Tex. 1978); *Teague v. Edwards*, 315 S.W.2d 950, 952 (Tex. 1958). Thus, CR-FED Leasing's allegations regarding the first transaction established a gratuitous promise to render a service, not a contractual

relationship between the parties. *See Campbell*, 573 S.W.2d at 498; *Teague*, 315 S.W.2d at 952. Consequently, Rent to Own's deemed admissions did not establish its liability on CR-FED Leasing's first breach of contract claim. *See Wilson*, 169 S.W.3d at 368.

Nevertheless, CR-FED Leasing did allege a viable cause of action for conversion of the sale proceeds. Each element of a conversion claim is contained within the petition: as the owner of the 2015 compact skid steer, CR-FED Leasing was entitled to the sale proceeds; Rent to Own took possession of the sale proceeds in trust for CR-FED Leasing; and, despite CR-FED Leasing's demand, Rent to Own failed to deliver the sale proceeds. *See Paschal*, 215 S.W.3d at 456. These allegations, deemed admitted by Rent to Own's failure to answer the suit, established Rent to Own's liability on CR-FED Leasing's first conversion claim. *See Paradigm Oil*, 372 S.W.3d at 183.

## C. The 2017 Kubota SVL75-2

With respect to the second transaction, CR-FED Leasing alleged a cause of action for breach of contract. CR-FED alleged that Rent to Own agreed to purchase the 2017 Kubota SVL75-2 for a total purchase price of $32,376; CR-FED Leasing performed by delivering the equipment to Rent to Own; and Rent to Own breached the agreement by failing to pay any amount of the purchase price, which also represented CR-FED Leasing's damages. *See Killeen*, 248 S.W.3d at 349. By defaulting, Rent to Own's liability on this claim was conclusively established. *See Paradigm Oil*, 372 S.W.3d at 183.

## D. Fair Notice

Rent to Own also argues that the default judgment should be set aside because the petition failed to provide it with fair notice of CR-FED Leasing's claims. *See Elite Door*,

9

355 S.W.3d at 766; *see also Household Fin. Corp.*, 2013 WL 5948899, at *3. Specifically, Rent to Own takes exception with the "and/or" language in the petition, arguing that CE-FED Leasing's "mix-and-match" approach left it "in a position of having to make sense of what [this language] means." However, it is well-established that claims can be pleaded in the alternative, "and a petition using the term 'and/or' [i]s not too indefinite to state a claim upon which relief c[an] be granted." *Matthews v. Simmons*, 589 S.W.2d 156, 159 (Tex. App.—Tyler 1979, no writ) (first citing *Tex. Van Lines v. Templeton*, 305 S.W.2d 646, 648 (Tex. App.—Dallas 1957, writ ref'd n.r.e.); and then citing *Albright v. Long*, 448 S.W.2d 564, 566 (Tex. App.—Amarillo 1969, no writ)); *see Roby Indus., Inc. v. Maxwell Elecs. Corp.*, 409 S.W.2d 559, 561 (Tex. App.—Dallas 1966, pet. ref'd n.r.e.) ("Of course, Roby had the right to sue on three alternative causes of action. It has been said to be good practice to do so."). Contrary to Rent to Own's suggestion, merely stating that the facts alleged supported CR-FED Leasing's claims for breach of contract "and/or" conversion did not render the petition "ambiguous."

Rent to Own also faults CR-FED Leasing for not attaching evidence to its petition "to substantiate any of the factual allegations made." Yet, a pleading provides fair notice if it alerts the opposing part to "the type of evidence that might be relevant to the controversy." *Low*, 221 S.W.3d at 612. Indeed, a plaintiff is not even required to "set out in his pleadings the evidence upon which he relies to establish his asserted cause of action," let alone attach that evidence to the petition as Rent to Own seems to suggest. *Chambers v. Am. Hallmark Ins. Co. of Tex.*, 465 S.W.3d 389, 394 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.) (quoting *Dall. Area Rapid Transit v. Morris*, 434 S.W.3d

10

752, 760–61 (Tex. App.—Dallas 2014, pet denied)); *see* TEX. R. CIV. P. 45(b) (requiring only that the plaintiff state his cause of action "in plain and concise language").

Finally, we disagree with Rent to Own's contention that the petition lacked "basic information." The petition, as recounted above, provided notice of the two transactions at issue, including the particular equipment involved, the purported terms of the agreements between the parties, how Rent to Own breached those agreements or converted CR-FED Leasing's property, the general time frame for when the claims accrued, and the resulting damages. We conclude that CR-FED Leasing's factual allegations gave fair notice of its claims because "an opposing attorney of reasonable competence, on review of the pleadings, c[ould] ascertain the nature and the basic issues of the controversy." *Elite Door*, 355 S.W.3d at 766; *see* TEX. R. CIV. P. 47(a). Rent to Own's first issue is overruled.

## IV. UNLIQUIDATED DAMAGES

By its final issue, Rent to Own asserts that CR-FED Leasing failed to present legally sufficient evidence to support its award of unliquidated damages.

### A. Applicable Law

"Once a default judgment is taken on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, except the amount of damages." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). Rather, in such cases, the trial court must "hear evidence" on a claim for unliquidated damages. TEX. R. CIV. P. 243. The plaintiff must produce competent evidence of both the amount of damages and "[t]he causal nexus between the event sued upon and the plaintiff's injuries." *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex. 1984). Oral testimony is not necessary;

11

an affidavit alone may satisfy Rule 243's evidentiary requirement. *Tex. Com. Bank, Nat. Ass'n v. New*, 3 S.W.3d 515, 516 (Tex. 1999) (per curiam) (concluding that "affidavits can be evidence for purposes of an unliquidated-damages hearing pursuant to Rule 243" and finding that the affidavits presented constituted legally sufficient evidence of unliquidated damages); *see Lefton v. Griffith*, 136 S.W.3d 271, 275–80 (Tex. App.—San Antonio 2004, no pet.) (considering whether an affidavit was legally sufficient to support unliquidated damages awarded in no-answer default judgment).

"In a nonjury trial, where no findings of fact or conclusions of law are filed or requested, it will be implied that the trial court made all the necessary findings to support its judgment." *Holt Atherton*, 835 S.W.2d at 83 (quoting *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex. 1980) (per curiam)). These implied findings, including the amount of unliquidated damages awarded after a no-answer default judgment, may be challenged on appeal for legal sufficiency. *Id.* at 84. In a legal sufficiency review, we view all the competent evidence in the light most favorable to the finding. *Ford Motor Co. v. Castillo*, 444 S.W.3d 616, 620 (Tex. 2014) (per curiam). As relevant here, evidence is legally insufficient to support an implied finding when "evidence offered to prove a vital fact is no more than a mere scintilla." *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 613 (Tex. 2016). More than a mere scintilla of evidence is shown "when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018). "Conversely, the record contains less than a scintilla when the evidence offered to prove a vital fact's existence is 'so weak as to do no more than create a mere surmise or suspicion.'" *Id.* (quoting *King*

12

*Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)).

"There can be no recovery for damages which are speculative or conjectural." *Lefton*, 136 S.W.3d at 277 (quoting *Roberts v. U.S. Home Corp.*, 694 S.W.2d 129, 135 (Tex. App.—San Antonio 1985, no writ)). Likewise, an affidavit that merely contains "conclusory allegations will not support an amount awarded for unliquidated damages." *Id.* (citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984)). However, testimony that sufficiently explains an opinion of damages need not be supported by documentation. *Holt Atherton*, 835 S.W.2d at 84 ("Although supporting documentation may affect the weight of the evidence, it is not necessary to produce in court the documents supporting the opinions or estimates [of damages]." (collecting cases)).

## B.     Analysis

The parties agree that the trial court awarded unliquidated damages and that the only evidence in the record to support the award is Rajunov's affidavit. Rent to Own argues that the affidavit was insufficient because it only contained "speculative or conclusory testimony." Namely, Rent to Own claims Rajunov merely "state[d] the total amount of damages" without providing a factual basis for his conclusion and failed to show a causal nexus between CR-FED Leasing's causes of action and the damages alleged. We disagree on both fronts.

For any given cause of action, there are generally multiple theories of recovery, depending on the facts of the case. *See, e.g*, *Signature Indus. Servs., LLC v. Int'l Paper Co.*, 638 S.W.3d 179, 186 (Tex. 2022) ("Damages for breach of contract may include both direct and consequential damages."); RESTATEMENT (SECOND) OF TORTS § 924 (AM. L.

13

INST. 1979) (listing several types of damages a plaintiff may recover for personal injury). Some types of damages are inherently complex and require more extensive factual support. For example, proving lost profits often requires a synthesis of information, and thus, the plaintiff is required to explain its methodology for calculating total lost profits. *See Holt Atherton*, 835 S.W.2d at 84 ("What constitutes reasonably certain evidence of lost profits is a fact intensive determination. As a minimum, opinions or estimates of lost profits must be based on objective facts, figures, or data from which the amount of lost profits can be ascertained." (collecting cases)).

CR-FED Leasing's damage claims were far simpler. For both transactions, CR-FED Leasing sought expectancy damages—that is, the benefit of the bargain CR-FED Leasing would have received if Rent to Own had performed. *See Range v. Calvary Christian Fellowship*, 530 S.W.3d 818, 831 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("[A] party prevailing on its breach-of-contract claim may recover expectation damages, that is, the party may recover as damages the amount necessary to place it in the position it would have occupied if the contract had been performed."). Consistent with the allegations in the petition, Rajunov explained what the total sales price was for each piece of equipment—facts he claimed to have personal knowledge of—and then added those two figures together ($27,547 + $32,376) to arrive at his conclusion that CR-FED Leasing's total economic damages were $59,923. *See id.* The sales price of the first piece of equipment also represented the money CR-FED Leasing sought to recover on its related conversion claim. *See United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147–48 (Tex. 1997) (per curiam) ("Generally, the measure of damages for conversion is

14

the fair market value of the property at the time and place of the conversion."); *Paschal*, 215 S.W.3d at 455–56 (affirming damage award on conversion claim equal to the amount of policy proceeds the defendant converted). We conclude Rajunov sufficiently explained the basis for his determination CR-FED Leasing suffered $59,923 in economic damages.

As for a causal nexus, "[l]ay testimony is adequate to prove causation in those cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition." *Morgan*, 675 S.W.2d at 733 (citing *Lenger v. Physician's Gen. Hosp., Inc.*, 455 S.W.2d 703, 706 (Tex. 1970)). Here, Rajunov alleged that Rent to Own sold the 2015 compact skid steer loader on CR-FED Leasing's behalf for $27,547 "but failed to deliver the sale proceeds" and that "Rent to Own took possession of the 2017 Kubota from CR-FED Leasing, agreeing to pay CR-FED Leasing $32,376 for the Kubota[,] but never did pay CR-FED [Leasing] anything for it." These allegations show a clear connection between the events sued upon and the damages alleged. *See id.*

Finally, we reject Rent to Own's contention that Rajunov's affidavit was insufficient purely because it lacked supporting documentation. It is undisputed that each transaction was based on a verbal agreement between the parties, so it follows that there was no written contract or memorandum of understanding attached to the affidavit. Regardless, the Supreme Court of Texas has expressly stated that testimony alone, including in the form of an affidavit, may be sufficient to support an award of unliquidated damages in a no-answer default judgment. *See Holt Atherton*, 835 S.W.2d at 84; *Tex. Com. Bank*, 3 S.W.3d at 516. As explained above, Rajunov's affidavit did just that. Rent to Own's final

15

issue is overruled.

**V.     CONCLUSION**

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Delivered and filed on the
23rd day of May, 2024.

16